## 10903

### BAIN v. NORTHWESTERN RAILROAD CO.

#### (113 S. E. 277)

1. RAILROADS—QUESTION OF WILLFULNESS AND RECKLESSNESS HELD FOR JURY.—In an action by an automobile driver injured in a collision at a crossing, evidence as to the practice of kicking cars over the crossing and failure to give statutory signals *held* sufficient to submit the question of defendant's willfulness and recklessness to jury.

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE NO DEFENSE TO WILLFUL INJURY.—If injury to a traveler in a collision at a crossing was due to railroad's willfulness or failure to give the statutory signals, contributory negligence is no defense, unless the traveler was guilty of gross negligence.

3. RAILROADS—TRAVELER FAILING TO LOOK, NEGLIGENT.—Under ordinary circumstances, one approaching a crossing, who has full opportunity to see the approach of a train in time to avoid a collision, and who fails to look, is guilty of gross negligence.

4. RAILROADS—GROSS NEGLIGENCE OF AUTOMOBILE DRIVER HELD FOR JURY.—Whether an automobile driver, injured in a collision at a crossing, was guilty of gross negligence in failing to look *held* for the jury; it appearing that he was misled by the negligent switching movements of the train.

Before MAULDIN, J.   Clarendon, October, 1921.   Affirmed.

Action by W. D. Bain against Northwestern Railroad Co. of S. C.   Judgment for plaintiff and defendant appeals.

*Messrs. Purdy & O'Bryan,* for appellant, cite: *Duty to observe due care*: 116 S. C. 463; *Standards of evidence to sustain a verdict*: 106 S. C. 128; *When evidence is susceptible only of inference that traveler did not exercise due care, it is question of law for the Court*: 5 S. C. 221; 63 S. C. 389; 76 S. C. 378; 78 S. C. 379; 81 S. C. 193; 94 S. C. 145; 110 S. C. 331.

*Mr. W. C. Davis,* for respondent, cites: *Allegations as to prior warnings were relevant*: 71 S. C. 340; Pom. Code Rem. Sec. 551; 50 S. C. 54; 73 S. C. 21; *Not reversible*

*error to refuse to strike out irrelevant allegations*: 81 S.
C. 305; *Carrier's duty to traveler at a crossing*: 89 S. C. 161;
*Contributory negligence no defense to willfulness*: 106 S.
C. 123; 102 S. C. 166; 101 S. C. 8; *Question for jury as
to proximate cause*: 84 S. C. 568; 72 S. C. 389; 76 S. C.
378; *Facts different from the Cable Case*: 94 S. C. 143;
*Duty of traveler in sudden peril*: 103 S. C. 489.

July 5, 1922.

The opinion of the Court was delivered by MR. JUSTICE
COTHRAN.

Action for damages for personal injury and destruc-
tion of automobile by reason of a collision at a crossing
in the Town of Summerton, alleged to have been caused

by the negligence and recklessness of the defendant. The two actions were tried together. From judgments entered upon verdicts in favor of plaintiff for actual and punitive damages, the defendant has appealed.

The circumstances of the collision cannot be understood without reference to the plat used upon the trial, a reduced copy of which will be incorporated in the report.

It will be seen by reference to that plat that Main and Cantey Streets intersect each other at right angles, the former running practically due east and west and the latter north and south; the railroad runs in the direction of Sumter northwest, and strikes Cantey Street at a point 91 feet from its intersection with Main Street, crosses Cantey Street at an angle of about 45 degrees, strikes Main Street about 90 feet from said intersection, at a similar angle, and crosses the two principal streets of the town at an acute angle, and at points close together. Parallel with the main line and about 12 feet distant from it, on the south side, is a side track, extending from the depot, also crossing said streets, and ending at a switch 410 feet southeast of Cantey Street. In certain switching movements of the train, two box cars were kicked upon the main line at the switch, the engine with several cars attached following a short distance behind on the side track. By the momentum of the "kick" and the downgrade, the "wild" cars (that is cars detached from the engine) rolled on down the main line towards the depot, and crossed both of said streets without incident. The part of the train to which the engine was attached, backing down towards the station, collided with the plaintiff's automobile at the Cantey Street crossing.

The movements of the plaintiff leading up to the culmination at the crossing were these: He was at the depot and left in his car, turning into Cantey Street at its intersection with Main. Between the corner and the railroad a

man by the name of Burgess had stopped his car, as he says, to avoid a collision with the engine and cars on the side track. The plaintiff passed Burgess' car to the left, and made for the crossing.  He claims to have slowed down to avoid collision with wild cars on the main line.  This is entirely inconsistent with Burgess' story, who had preceded the plaintiff, had not seen the wild cars at all, and stopped to avoid the part of the train to which the engine was attached on the side track.  The plaintiff claims to have been misled by the wild cars of which he had an imperfect view as he turned into Main Street, into the belief that they were the entire train, and that accordingly he could safely proceed.  He admits not looking towards the east, direction from which the engine and cars were approaching, and that if he had looked at any time after passing the car of Burgess, he could have seen them approaching.

There was sufficient evidence in the case to justify the submission of the question of willful and reckless conduct on the part of the defendant in the handling of the train.  In the first place, these were two important crossings of the town close together, and the practice of kicking cars across them was necessarily accompanied with great danger to those using the streets. Accidents as the result of such movements had been narrowly avoided.  The attention of the railroad authorities had been called to the practice by two successive intendants, and promises had been made to discontinue it.  There was evidence that the statutory signals were not given; no brakeman or flagman was on the lead car or preceding it or at the crossing to give warning.  All these circumstances combined were sufficient to submit the issue of willfulness and recklessness to the jury.

If willfulness or recklessness be established against the defendant, or if the collision was due to the failure to give the statutory signals, the defense of contributory negligence on the part of the plaintiff would not avail, unless it appeared that the plaintiff was guilty of gross or willful negligence or was acting in violation of law.

Under ordinary circumstances the traveler approaching a crossing, who has full opportunity of seeing the approach of the train in time to avoid the collision, and who does not look, is, under the Cable Piano Case, 94 S. C., 143; 77 S. E., 868, guilty, not only of negligence, but of gross negligence, and as matter of law, when such facts appear, the Court may so declare. But when there are circumstances tending to explain his apparent gross negligence, particularly when they are brought about by the negligence of the railroad company, the issue becomes one of fact for the jury. In this case, the railroad company was guilty of negligence in the movement of the cars. Their manner of movement led the plaintiff into the belief that the train had not been separated, and that it, as the entire train, had passed the crossing. The plaintiff may have been mistaken in coming to that conclusion, and may have been negligent in arriving at it; but it cannot be said that it was so unnatural a conclusion as to charge him as a matter of law with that degree of contributory negligence as would offset the defendant's reckless misconduct, so as to take that issue from the jury.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.