## 11092

### HARSEY v. SOUTHERN RY. CO. *ET AL.*

(115 S. E., 324)

1. TRIAL—KEEPING JURY LOCKED UP OVER NIGHT HELD NOT COERCION. —It was not coercion of the jury, requiring a new trial, for the trial Court to keep them shut up during Saturday night and until late Sunday morning, where the jury made no complaint, asked for no instruction, and sent no word to the Court.

2. APPEAL AND ERROR—ADMISSION OF TESTIMONY ON COLLATERAL ISSUE RESTS LARGELY IN TRIAL JUDGE'S DISCRETION; AND, WHERE ADMISSION OF THE EVIDENCE IS NOT PREJUDICIAL, IT WILL NOT REQUIRE REVERSAL.—The admission of testimony as to the reputation of plaintiff and his driver for sobriety, over objection by defendants that it raised a collateral issue, not directly relevant to the issue on trial concerning liability for collision between a railroad engine and plaintiff's automobile, was a matter largely in the discretion of the trial Judge, and its admission was not so prejudicial to defendants as to require a new trial.

Before MOORE, J., Lexington, April, 1921. Affirmed.

Action by S. P. P. Harsey against Southern Railway Company *et al.* Judgment for plaintiff and defendants appeal.

*Messrs. Frank G. Tompkins, Geo. B. Cromer* and *C. M. Efird,* for appellant, cite: *Duty of traveler at crossing:* 58 S. C., 491; 117 S. C., 516; 94 S. C., 143; 113 S. C., 325; *Evidence as to plaintiff's drinking at time of accident:* 72 S. C., 172. *Evidence as to habits inadmissible:* L. R. A. 1916B, 827; 29 Ann. Cas., 1251; 1 Ell. Ev., Sec. 157; 42 N. W., 534; 69 S. C., 17.

*Messrs. Timmerman & Graham,* for respondent, cite: *Admission of testimony largely in discretion of trial Judge:* 52 S. C., 377; 54 S. C., 335; 60 S. C., 70; 66 S. C., 23; 72 S. C., 352; 76 S. C., 135; 83 S. C., 60; 83 S. C., 106; 85 S. C., 209.

January 5, 1923.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action by plaintiff against defendants for an alleged injury to plaintiff and his automobile in a collision with a locomotive of the defendant, Southern Railway Company, operated by the defendant, H. E. Thompson, as engineer, at a public crossing near the station of Mims, on a railroad of the Southern Railway Company, in Lexington County. The case was tried by Judge Moore and a jury at Lexington, S. C., March, 1922, and resulted in a verdict in favor of plaintiff for $3,500.00. A motion was made at the close of the testimony for a directed verdict by the defendant, which was overruled, after verdict a motion for a new trial was made and overruled. After entry of judgment, defendants appeal, and the exceptions are:

"1. It was error not to grant the motion for a directed verdict on the ground that the evidence warants no other reasonable inference than that the negligence of the driver of the automobile was the proximate cause of the injury.

"2. It was error not to grant the motion for a directed verdict on the ground that the evidence warrants no other

reasonable inference than that the negligence of the plaintiff was the proximate cause of the injury.

"3. It was error not to grant the motion for a directed verdict on the ground that the evidence warrants no other reasonable inference than that the gross negligence of the, plaintiff contributed to the injury as a proximate cause of it.

"4. It was error not to grant the motion for a new trial on the ground that it was coercion to keep the jury shut up during Saturday night and until late on Sunday morning.

"5. It was error to admit, over objection, the testimony of the witness, W. D. Laird, as to the reputation of the plaintiff and his driver for sobriety. The point is that the testimoney raised a collateral issue, not material and directly relevant to the issue on trial, which had been covered by the testimony of witnesses who were actually present at the time of the alleged injury."

The first three exceptions are overruled under the authorities of *Wideman v. Hines, Director General,* 117 S. C., 516; 109 S. E., 123; *Wheelis v. Southern Railway Co.,* (S. C.) ; 110 S. E., 154; *Bain v. Northwestern R. Co.* (S. C.) ; 113 S. E., 277.

Exception 4 is overruled as being without merit. The Circuit Judge is charged with handling a Court, and it must rest largely in his discretion, and we see no evidence of coercion on his part in keeping a jury locked up one night. We have no complaint from the jury; they asked for no instruction from his Honor, sent no word to him, and both the Court and jury are to be commended in not having a mistrial.

Exception 5 is overruled. It was a matter largely in the discretion of the trial Judge, and we do not see that it worked such harm or prejudice to the defendants that we should grant a new trial, and we are entirely in accord with what Judge Moore said in reference thereto in his order, refusing a new trial.

All exceptions are overruled, and judgment affirmed.