## SOUTHERN RY. CO. v. PRIESTER et al,

(Circuit Court of Appeals, Fourth Circuit. May 23, 1923.)

No. 2055.

**1. Railroads ⬷⟶350(7)—Conflicting evidence as to statutory signals held for jury.**

Where the conductor, engineer, fireman, and two disinterested witnesses testified that the statutory signals were sounded, while the two plaintiffs testified they were not, the conflict made a question of fact for the jury, which must be solved in favor of plaintiff in deciding whether the jury should have been directed to find for the defendants.

**2. Railroads ⬷⟶346(5)—Traveler presumed to have exercised care.**

The presumption is in favor of due care by traveler at a railroad crossing, because his safety is involved.

**3. Railroads ⬷⟶327(1)—Look and listen rule not absolute.**

There is no hard and fast rule of law that under all circumstances due care requires a traveler to look and listen before going on a railroad crossing.

**4. Railroads ⬷⟶327(1)—Traveler crossing without looking negligent.**

When the railroad company has done nothing to allay a traveler's sense of danger, and there are no extraordinary conditions sufficient to distract the attention of a man of ordinary prudence from the duty of taking precaution, it is contributory negligence as a matter of law for such traveler to walk or drive his vehicle onto a crossing without taking any precaution whatever to ascertain if a train was approaching.

**5. Railroads ⬷⟶335(3)—Gross contributory negligence of traveler prevents recovery under state statutes, notwithstanding failure to sound statutory signals.**

Under Civ. Code, S. C. 1912, § 3222, prescribing statutory signals for public crossings, and section 3230, making the railroad liable for injuries for failure to give such signals contributing thereto, unless the person injured was guilty of gross or willful negligence which contributed to the injury, as those statutes have been construed by the state court, a traveler cannot recover, notwithstanding the failure to give statutory signals, if he was grossly negligent in going on a crossing in front of an approaching train without taking any precaution.

**6. Railroads ⬷⟶327(2)—Failure to look for train which was in plain sight held gross contributory negligence.**

Where an approaching train could have been seen from any point in the highway within 33 feet of the track, the failure of the driver of an automobile approaching the crossing to take any precaution whatever to see if a train was coming was gross contributory negligence, which precluded his recovery under the state statute, notwithstanding failure of the railroad employees to sound the statutory signals, even though there was a hole in the highway, which required slow driving as he approached the crossing.

**7. Negligence ⬷⟶93(2)—Wife not chargeable with negligence of husband driving automobile.**

A wife, who was riding in her own automobile while it was being driven by her husband, is not chargeable with her husband's negligence in driving the automobile.

**8. Railroads ⬷⟶327(12)—Wife, riding in automobile driven by husband, held grossly negligent.**

A wife, who was riding in an automobile driven by her husband, was guilty of gross contributory negligence, where she had ample opportunity to see the train approaching in time to warn her husband, and failed to look for it.

In Error to the District Court of the United States for the Eastern District of South Carolina, at Columbia; Henry A. Middleton Smith, Judge.

Action at law by Mrs. M. A. Priester and her husband against the Southern Railway Company. Judgment for plaintiffs, and defendant brings error. Reversed.

Frank G. Tompkins, of Columbia, S. C. (J. W. Manuel, of Hampton, S. C., on the brief), for plaintiff in error.

George Warren, of Hampton, S. C., for defendants in error.

Before WOODS and WADDILL, Circuit Judges, and GRONER, District Judge.

WOODS, Circuit Judge. On July 3, 1921, defendant's north-bound passenger train struck the automobile in which Mrs. M. A. Priester and her husband were riding at the crossing near Valentine, S. C. Plaintiffs recovered judgment for injuries inflicted on Mrs. Priester. Error is assigned in the refusal of the District Court to direct a verdict in favor of the defendant on three grounds:

(1) That no reasonable inference could be drawn from the testimony, except that no negligence had been proven against the defendant which could have any causal connection with the collision in question.

(2) That no reasonable inference could be drawn from the testimony, except that the collision was caused by the sole negligence of the plaintiff's husband and agent, who was driving the car, for which the plaintiff was responsible, in that it appears conclusively that plaintiff and her husband were in full view of the train, and had ample time to have stopped their automobile before going upon the track, and that they saw or should have seen the approach of the train and have avoided the accident.

(3) That if the railroad company had been guilty of any negligence, no reasonable inference could be drawn from the testimony, except that the plaintiff and her husband, who was her agent, were guilty of gross and willful contributory negligence in driving upon the track without looking and listening for the train, when they had ample opportunity to do so, in that the plaintiffs had a full view of the train in ample time to have stopped their automobile before coming upon the track, and in spite of this fact plaintiffs either willfully refused to look and listen for the train, or they handled their car in such a reckless and negligent manner as to place it on the track without sufficient time to cross over before the approach of the train.

The evidence is to be considered in the light of the South Carolina statutes. Section 3222 of the South Carolina Code of 1912 requires a bell to be rung or a whistle sounded by the engineer or fireman of an approaching train at the distance of at least 500 yards from a public crossing. Section 3230 provides that the railroad shall be liable for injuries inflicted by collision at a crossing if the failure to give the statutory signals contributed to the injury—

"unless it is shown that, in addition to a mere want of ordinary care, the person injured, or the person having charge of his person or property, was, at the time of the collision, guilty of gross or willful negligence, or was acting in violation of the law; and that such gross or willful negligence or unlawful act contributed to the injury."

Section 3288 requires:

"A railroad corporation whose road is crossed by a highway or other way on a level therewith shall, at its own expense, so guard or protect its rails

by plank, timber or otherwise as to secure a safe and easy passage across its road."

The automobile was the property of Mrs. Priester. Priester drove it when he and his wife were together, but she often drove in his absence. Both frequently drove over the crossing and were familiar with it. At the time of the accident plaintiffs were approaching the railroad from the east on the public road, which crossed the track at a right angle. On the south side of the public road the view of the railroad was shut off by a field of tall corn to a point 33 feet from the track. On the other side of the public road, near the edge of the cornfield, the railroad company had made holes—or, in Priester's language, "a holey place"—in the public road by digging up earth to fill a hole dug for a sign post. The railroad is higher than the level of the public road, the rise being 3½ feet in 15 feet. On both sides of the east rail thick boards had been placed. Against these boards earth had been thrown, so as to make the ascent and crossing easier. But the earth had been washed or worn away, so that the boards and rails were about 4 inches above the level. From the end of the cornfield, 33 feet from the track, the view of the railroad was clear both ways, and one looking down the track would see a train approaching from the south at least a half mile. The road being narrow, driving across the hole required unusual attention and care. According to the testimony of plaintiffs the approaching train must have been in full view when they reached the end of the cornfield. That neither of them looked south down the track at this point is evident from their own testimony and from the fact that they did not see the train. Priester, after driving to the end of the cornfield, slowed down to pass the holes. He then put on speed to make the rise of 3½ feet and cross the track. Still neither of the plaintiffs saw the train, or looked, or heard its noise. When plaintiffs did finally see the train, almost at the instant that the automobile reached the east rail, it was within 50 or 60 feet of them. Then Priester attempted to apply the emergency brake, but missed it and applied the clutch. The momentum of the automobile not being sufficient to drive it over the board and first rail, it was "choked down," and stopped with the front projecting over the rail. But for this "choke down," the automobile probably would have been struck midway of the track and both the plaintiffs would have been killed.

[1] The conductor, engineer, fireman, and two disinterested witnesses testified that the statutory signals were given. The plaintiffs testified they were not. This conflict made a question of fact, which must be solved in favor of the plaintiffs in deciding whether the jury should have been directed to find for the defendant. But there was no testimony to show willful or wanton failure to give the signals, as in Ritter v. Atlantic Coast Line Railway, 101 S. C. 8, 85 S. E. 51.

[2-4] The presumption is in favor of due care by a traveler at a crossing because his safety is involved. There is no hard and fast rule of law that under all circumstances due care requires a traveler to look and listen before going on a railroad crossing. But it is well settled that when the railroad company has done nothing to allay his

sense of danger, and there are no extraordinary conditions sufficient to distract the attention of a man of ordinary prudence and self-possession from the duty of taking precaution, a traveler will be held guilty of contributory negligence, as a matter of law, when the evidence shows affirmatively beyond dispute that he walked or drove his vehicle on a crossing without taking any precaution whatever to ascertain if a train was approaching. Railroad Co. v. Houston, 95 U. S. 697, 24 L. Ed. 542 and numerous cases cited under it in Rose's Notes; Dernberger v. B. & O. Ry. Co. (4th Cir.) 243 Fed. 21, 155 C. C. A. 551; U. S. Director General of Railroads v. Zanzinger (C. C. A. 4th Cir.) 269 Fed. 552 and authorities cited; Payne v. Blevins (C. C. A.) 280 Fed. 310; Bush v. B. & O. Ry. Co. (C. C. A. 4th Cir.) 288 Fed. 845 (filed March 30, 1923).

[5] The federal case apparently most like that before us is Northern Pacific Ry. v. Freeman, 174 U. S. 379, 19 Sup. Ct. 763, 43 L. Ed. 1014. There it was held there was no question for the jury, because the undisputed evidence showed that the traveler who was killed took no precaution before going on the crossing. The South Carolina court, in construing and giving effect to the state statutes above cited, has held to the same rule, namely, that although those in charge of the train be guilty of negligence or recklessness according to the circumstances, yet the traveler is guilty of gross negligence, and cannot recover if, without excuse, he takes no precaution, when any precaution would have warned him before going on the track and prevented the injury. Cable Piano Co. v. Southern Ry. Co., 94 S. C. 143, 77 S. E. 868; Drawdy v. Atlantic Coast Line Ry. Co., 78 S. C. 374, 379, 58 S. E. 980; Osteen v. Atlantic Coast Line Ry. Co. (S. C.) 112 S. E. 352, 360; Bain v. Northwestern R. Co. (S. C.) 113 S. E. 277; Chisolm v. Seaboard Air Line Ry. Co. (S. C.) 114 S. E. 500. Indeed section 3222 of the South Carolina Code of 1912 itself, by the strongest implication, provides that, even if the signals are not given, a traveler cannot recover if his own gross negligence has contributed to the injury.

[6] The condition of the crossing contributed in no way to the accident. For a distance of 33 feet after passing the edge of the cornfield plaintiffs had an unobstructed view of the track for at least a half mile. From the hole where the automobile was slowed down for a distance of at least 15 feet plaintiffs still had the unobstructed half-mile view of the track. Neither of them took the obvious precaution of looking. It seems to us impossible to escape the conclusion that the failure to look was gross negligence. Surely it cannot be held that a hole in the road which requires slow driving puts a traveler in such an extraordinary situation as to excuse him from looking down a straight track.

[7, 8] Mrs. Priester was not chargeable with the negligence of her husband who was driving the car. Little v. Hackett, 116 U. S. 366, 6 Sup. Ct. 391, 29 L. Ed. 652; Virginia Ry. & Power Co. v. Gorsuch, 120 Va. 655, 91 S. E. 632, Ann. Cas. 1918B, 838; Mayor of Baltimore v. State of Maryland, 166 Fed. 641, 646, 92 C. C. A. 335; 20 R. C. L. 158; 2 R. C. L. 1206, 1207; R. C. L. 1 Supp. 743. But she, equally

with her husband, was guilty of gross contributory negligence, because she had the same opportunity to look out for the train and warn him of its approach. Colorado, etc., R. Co. v. Thomas, 33 Colo. 517, 81 Pac. 801, 3 Ann. Cas. 700, 70 L. R. A. 681; Miller v. Louisville, etc., R. Co., 128 Ind. 97, 27 N. E. 339, 25 Am. St. Rep. 416; Illinois Central R. Co. v. McLeod, 78 Miss. 334, 29 South. 76, 84 Am. St. Rep. 630, 52 L. R. A. 954, 84 Am. St. Rep. 630; Brickell v. New York Central R. Co., 120 N. Y. 290, 24 N. E. 449, 17 Am. St. Rep. 684; Brommer v. Pennsylvania R. Co., 179 Fed. 577, 103 C. C. A. 135, 29 L. R. A. (N. S.) 924; Philadelphia & R. Ry. Co. v. Le Barr (C. C. A.) 265 Fed. 129; 33 Cyc. 1016, 1017; 20 R. C. L. 133.

Reversed.