## CHICAGO & E. I. RY. CO. v. SELLARS.

(Circuit Court of Appeals, Eighth Circuit. March 30, 1925.)

No. 6790.

**1. Trial ⬪⇒314(1)—Supplemental instruction as to desirability of jury agreeing held error.**

Where the jury, after being out for some time, reported inability to agree, it was reversible error for the presiding judge to instruct them by reading an extract from a United States Supreme Court case relative to the desirability of reaching an agreement; such extract, as an instruction, tending too strongly towards coercing the minority of the jury to surrender their honest convictions.

**2. Railroads ⬪⇒351(12)—Refusal of instruction on contributory negligence of occupant of automobile held error.**

In action for death of occupant of automobile at crossing, in which answer made contributory negligence an issue by alleging specifically that occupant failed to look and listen and neglected to warn driver and negligently failed to exercise ordinary care to discover approaching train, refusal of requested instruction on contributory negligence *held* error.

**3. Railroads ⬪⇒327(12)—Care required of passenger of automobile.**

A passenger, who sits quietly in an automobile and allows the driver to take him into a place of danger, without effectively exercising

his senses for his own protection or warning driver or making protest, is contributorily negligent.

**4. Railroads** ⊙═327(2) — **Automobile driver stopping car on track to look back at road sign held negligent.**

Automobile driver, who practically stopped car on track in direction of approaching train in order to look back at road sign, *held* grossly negligent, precluding recovery by driver.

**5. Trial** ⊙═139(1)—**Testimony that headlight was burning and signals given, not contradicted by testimony of witnesses not in position to see and hear.**

In action for death in crossing collision, where witnesses for railroad as to whether locomotive headlight was burning, the bell rung and the whistle blown, were in a position to see and hear, and their evidence was of positive character, while plaintiff's witnesses were not so situated and were not giving attention to those matters, no issue was made requiring submission of these questions to jury.

In Error to the District Court of the United States for the Eastern District of Missouri; Jacob Trieber, Judge.

Suit by Charles C. Sellars, administrator of the estate of Ida C. Sellars, deceased, against the Chicago & Eastern Illinois Railway Company. Judgment for plaintiff, and defendant brings error. Reversed, with instructions to grant new trial.

Frank H. Sullivan, of St. Louis, Mo. (Jones, Hocker, Sullivan & Angert and William O. Reeder, all of St. Louis, Mo., on the brief), for plaintiff in error.

Charles P. Noell, of St. Louis, Mo. (Sidney Thorne Able, of St. Louis, Mo., on the brief), for defendant in error.

Before SANBORN, Circuit Judge, and POLLOCK and SYMES, District Judges.

SYMES, District Judge. This suit results from a railroad crossing accident at Haubstadt, Ind., on the night of August 26, 1922. A fast passenger train, operated by the plaintiff in error (defendant below), struck an automobile and killed instantly the wife of the plaintiff below, defendant in error here. He sued as the administrator of her estate and recovered a verdict.

We will first consider two questions of law that arose in the course of the trial.

[1] The jury, after it had been out for some time, returned into court and received certain additional instructions upon the law. After further deliberation, they came in again, and in response to a question by the judge, announced they had not agreed upon a verdict; that they were unable to agree;

that it was of no use to keep them together longer; that a great majority of the jurors thought they understood the court's charge and the evidence, but the others saw it in a different light. The presiding judge then instructed them further by reading an extract from the case of Allen v. U. S., 164 U. S. 501, 17 S. Ct. 154, 41 L. Ed. 528, to which the defendant excepted. The jury retired, and in less than five minutes returned with a verdict for the plaintiff. This excerpt from the Allen Case, supra, has been condemned as an instruction by this court in Stewart v. U. S., 300 F. 786, where it is set forth in full, as tending too strongly towards coercing the minority of the jury to surrender their honest convictions. The facts of the two cases are similar enough to make its use here a reversible error.

We have carefully considered the opinion of this court in Hill v. Wabash R. R. Co., 1 F.(2d) 626. The rule laid down there that: "All parties to the controversy are entitled to the uncoerced judgment of the jurymen, and the test of such an instruction as herein complained of is whether it is in fact an attempt to assist the jury or to coerce them. If it is an attempt to break down the individual judgment and honest conviction of a juryman in order * * * to reach a verdict, it is erroneous; but if it is an admonition or request to the jury to reason together, to consider one another's views, and attempt to reach a conclusion, it is entirely proper"—condemns the instruction under consideration here.

[2, 3] The court instructed the jury that there was no plea of contributory negligence by the railroad company, and that there could not be any, because the deceased, Mrs. Sellars, was only a guest or passenger in the car of Mrs. Burris, and had no control over it. This was error for two reasons: First, the answer made contributory negligence an issue by alleging specifically that the said Ida C. Sellars failed to look and listen for approaching trains, and neglected to warn the said Eleanor Burris of the danger in crossing the track, and negligently failed to exercise ordinary care to discover the approach of the train, etc. Secondly, this court has passed upon the liability of a passenger riding in an automobile driven by another, and has held that, although the negligence of the driver is not imputable to the passenger and the latter is not precluded from a recovery by the former's negligence, yet the passenger is himself chargeable with contributory negligence, when by looking he could have seen the train in time to have

prevented the accident. A passenger who sits quietly in an automobile and allows the driver thereof to take him into a place of danger, without effectively exercising his senses for his own protection, or without warning the driver or making a protest, is guilty of contributory negligence and cannot recover. It therefore follows that the jury should have been instructed on the question of contributory negligence as requested by the defendant. Bradley v. Missouri Pacific R. R. Co. (C. C. A.) 288 F. 484; Noble v. C. M. & St. Paul R. R. Co. (C. C. A.) 298 F. 381; Engstrom v. Canadian Northern R. R. Co. (C. C. A.) 299 F. 929 and A., T. & S. F. Ry. v. McNulty (C. C. A.) 285 F. 97; and Southern Ry. Co. v. Priester (C. C. A.) 289 F. 945.

The accident occurred a little after midnight. The party in the car consisted of Mr. and Mrs. Burris and a small child on the front seat; Mrs. Burris driving. Mrs. Sellars, the plaintiff's wife, sat in the rear seat with two small children. After entering the village, they crossed over the railroad tracks from the east to the west side, and turned south and drove along a street running south parallel and alongside the railroad track until they came to Gibson street, where they turned east to again cross the tracks. It was a summer night and there were no curtains on the car. Arriving at the Gibson street crossing, Mrs. Burris, who is the only survivor, testifies she brought the car to a stop and looked both ways and saw nothing. This evidence is not contradicted. She then drove on at a low speed until she came upon the main line track of the defendant, which was the first of three tracks at that point.

[4] On the west side of the railroad tracks was the usual railway crossing sign, which also bore a highway sign. Mrs. Burris testifies that while they were on the railroad track her husband turned his flashlight on this road sign in order to get the proper direction to continue their journey. As they had already passed this signpost and were on the railroad track, it was necessary for them to turn around toward the south— the direction the train was coming from— and look back in order to read this sign. As to whether they attually stopped on the track or not, the evidence of Mrs. Burris is the car made "just a hesitation," while the engineer testifies that when he first saw the car, it drove onto the track and came to a stop. In any event, it is clear that the car

5 F.(2d)—3

when struck was on the track practically at a standstill, while Mrs. Burris and her husband were looking back at the road sign. There can be no question that the driver of the car was guilty of such gross negligence that she herself could not recover, irrespective of any of the alleged acts of negligence that the railroad company is charged with. Northern Pac. R. R. Co. v. Freeman, 174 U. S. 379, 19 S. Ct. 763, 43 L. Ed. 1014; B. & O. R. R. Co. v. Fidelity Storage Co., —— App. D. C. ——, 2 F.(2d) 310.

The only evidence in regard to the conduct of Mrs. Sellars is that of Mrs. Burris, who testifies that she had as good an opportunity from the back seat to observe the approaching train as she did, but gave no warning; and that of the engineer, who testified that when he first observed the car at a distance of 700 feet, while the train was going at 45 to 50 miles an hour, Mrs. Sellars jumped out of the car and endeavored to get the children out after her. It is clear that a very short interval of time elapsed between the stopping of the automobile on the track and the accident.

Considering all the facts, a jury might be justified in finding that Mrs. Sellars did not exercise the care for her own safety that the decisions of this court impose upon a passenger in an automobile; or that having observed conditions when the automobile made the first stop before going on the track, and the evidence of the engineer of her efforts to escape, that she did exercise under all the surrounding circumstances the necessary care. This question is immaterial, however, as the evidence may differ on another trial.

[5] The record discloses that the several witnesses who testified for the railroad company as to whether the locomotive headlight was burning, the bell rung, and the whistle blown, were in a position to see and hear, and their evidence is of a positive character, while the witnesses for the plaintiff were not so situated and were not giving attention to these matters; so no issue requiring the submission of these questions to the jury was made. Lehigh Valley R. R. Co. v. Mangan (C. C. A.) 278 F. 85. It follows that the railroad company was free from negligence, and its motion for a directed verdict made at the close of the plaintiff's testimony, and renewed at the close of the whole case, should have been granted. Northern Pac. R. R. Co. v. Freeman, supra.

The judgment of the lower court is reversed, with instructions to grant a new trial.