SUMMERS v. DENVER TRAMWAY COR-
PORATION.

RICE v. SAME.

Nos. 223, 224.

Circuit Court of Appeals, Tenth Circuit.

Sept. 19, 1930.

Edwin P. Hudson, of Denver, Colo., for appellants.

W. A. Alexander, of Denver, Colo. (Cecil M. Draper and Gerald Hughes, both of Denver, Colo., on the brief), for appellee.

Before LEWIS, COTTERAL, and Mc-DERMOTT, Circuit Judges.

COTTERAL, Circuit Judge.

The appellants brought these suits to recover damages for personal injuries resulting from a collision between an automobile in which they rode and an electric street car of appellee, at a street intersection, in Denver, Colo. The cases were tried together, and at the close of the evidence the trial court upon motion directed a verdict for the defendant. The appeals challenge that action.

Appellants alleged the injuries were due to the negligence of the appellee, specified in substance to be, it drove the car at a rapid and reckless speed and in a reckless and careless manner under the circumstances, it failed to ring a bell or give any warning of the approach of the car, and it did not slow down, stop the car, or have it under control, when it was obvious plaintiffs were attempting to cross the track. The defenses were a general denial and a plea of negligence on the part of the appellants which caused or contributed to the accident.

We review the evidence adduced under the issues, assuming in plaintiffs' favor the facts their evidence was reasonably sufficient to establish and the inferences fairly deducible from it. Gunning v. Cooley, 281 U. S. 90, 50 S. Ct. 231, 233, 74 L. Ed. 720.

The plaintiffs were guests on a sightseeing trip in a residential section of the city, and occupied the back seat of the automobile, which was of the phæton type, with open sides. The driver, Mr. Gilstrap, and Mrs. Seymour sat in the front seat. They traveled south on Marion street, and the street car came from the east on Fourth avenue. The collision occurred at the crossing of those streets. These parties had an unobstructed view of the approaching car. The account of Gilstrap was that as he neared Fourth avenue he saw the car coming and not hearing any bell thought it would stop, looked to the right for traffic, by the time he straightened around he was about on the track, Mrs. Seymour said, "Look out for the car," and it

was then upon them; and it stopped about 25 feet down the street. The motorman testified he saw the automobile on Marion street, 40 to 45 feet from the point of collision, running at about 25 to 30 miles an hour, and when he realized the automobile was not going to stop, he threw off the power on the car and applied the emergency brake, and released it after the collision, stopping the car in about 40 to 45 feet. The motorman estimated the speed of the car at 16 to 18 miles an hour. The witness Bruce who sought to take the car stated it was 20 to 25 miles an hour, describing it as a moderate speed. Three passenger witnesses said the car was going at the usual speed. By city ordinance the limit was 25 miles an hour. There was no evidence on which to base a finding of negligence in the speed or operation of the car.

Evidence was also wanting to show that the bell on the car was not sounded. A city ordinance required the warning 50 feet from the crossing. Gilstrap failed to state definitely when or where he listened for the bell. Miss Summers, one of the plaintiffs, stated she did not see or hear any street car, paid no attention where they were going and was not watching for cars or automobiles, and the first she knew of this car was when it struck her. The other plaintiff, Miss Rice, stated she did not hear or see the car, and only knew of the crash. The motorman testified he sounded the bell. The three passenger witnesses testified they heard it. And Bruce further testified that when he was on Marion avenue he heard the car coming and the bell ringing a quarter or third of a block from the corner of Fourth avenue, and ran to catch the car, but did not reach it in time. Thus, the testimony of the defendant was positive. That of the plaintiffs was negative in character, but such testimony when given as in this case by witnesses who are either not in a position to hear, or do not pay such attention as probably would enable them to hear, a warning of an approaching car does not raise an issue of fact, and it is insufficient to withstand a motion for a directed verdict. Globe Indemnity Co. v. Stenger, 82 Colo. 47, 256 P. 658; Chicago & E. I. Ry. Co. v. Sellars (C. C. A.) 5 F.(2d) 31; Lehigh Valley R. Co. v. Mangan (C. C. A.) 278 F. 85.

It is also clear that the evidence affords no support for the third specification of negligence. The street car, as already stated, was driven at a lawful speed, and there was no evidence tending to show the facts essential to this ground of complaint, that the motorman discovered or negligently failed to discover the peril of appellants in time to stop the car and avoid the collision. Chunn v. City & Suburban Railway, 207 U. S. 302, 28 S. Ct. 63, 52 L. Ed. 219; Kansas City So. R. Co. v. Ellzey, 275 U. S. 236, 48 S. Ct. 80, 72 L. Ed. 259; Toledo, St. L. & W. R. Co. v. Allen, 276 U. S. 165, 48 S. Ct. 215, 72 L. Ed. 513.

The Supreme Court, in Gunning v. Cooley, supra, restated the rule that a scintilla of evidence is insufficient for submission to a jury and in connection with citations to and quotations from leading cases in that court, it was said:

"Where the evidence upon any issue is all on one side or so overwhelmingly on one side as to leave no room to doubt what the fact is, the court should give a peremptory instruction to the jury. * * * 'When a plaintiff produces evidence that is consistent with an hypothesis that the defendant is not negligent, and also with one that he is, his proof tends to establish neither.'"

Applying the tests given in that case, the conclusion is required that neither of the appellants made out a case for the jury, and a verdict was properly directed for the defendant.

But if it be supposed there was evidence of negligence on defendant's part, a compelling reason for the verdict was the contributory negligence of the appellants. Their counsel correctly asserts that the public and the street car company had an equal right to the use of the crossing, and were mutually bound to use reasonable care to avoid accidents. But he is mistaken in denying that the automobile must yield precedence to the street car at a crossing. Denver City Tramway Co. v. Gustafson, 21 Colo. App. 478, 121 P. 1015; Denver City Tramway Co. v. Norton (C. C. A.) 141 F. 599. It was the duty of the driver of the automobile to await the passage of the street car and otherwise use diligence to avoid a collision. Baltimore & Ohio R. Co. v. Goodman, 275 U. S. 66, 48 S. Ct. 24, 72 L. Ed. 167, 56 A. L. R. 645; Kutchma v. Atchison, T. & S. F. Ry. Co. (C. C. A.) 23 F.(2d) 183. But he did not meet his duty in either respect. Appellants as guests in the automobile, with their opportunity to observe whether a car was approaching, had the duty to exercise reasonable care in their situation for their safety, but they gave no heed to the danger, and they were undoubtedly negligent in not keeping a lookout to discover the approaching car, and in some way warn the driver of the

288

fact, so that he might avoid the collision. Davis v. Chicago, R. I. & P. Co. (C. C. A.) 159 F. 10, 16 L. R. A. (N. S.) 424; Brommer v. Pennsylvania R. Co. (C. C. A.) 179 F. 577, 29 L. R. A. (N. S.) 924; Philadelphia & Reading R. Co. v. LeBarr (C. C. A.) 265 F. 129; Bradley v. Missouri Pac. R. Co. (C. C. A.) 288 F. 484; Noble v. Chicago, M. & St. P. Ry. Co. (C. C. A.) 298 F. 381; Southern Ry. Co. v. Priester (C. C. A.) 289 F. 945; Chicago & E. I. R. Co. v. Sellars, supra; Parramore et al. v. Denver & R. G. W. R. Co. (C. C. A.) 5 F. (2d) 912.

We conclude there is no merit in these appeals. For that reason, the judgments of the District Court in both cases are affirmed.