### REYNOLDS v. ATLANTIC COAST LINE R. CO.
No. 5998.

Circuit Court of Appeals, Fifth Circuit.
Oct. 31, 1930.

Isaac S. Peebles, Jr., of Augusta, Ga., for appellant.

Arthur R. Young, of Charleston, S. C., and W. K. Miller, of Augusta, Ga. (Hagood, Rivers & Young, of Charleston, S. C., and

Thomas W. Davis, of Wilmington, N. C., on the brief), for appellee.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

This is an action by appellant, a citizen of Georgia, to recover damages for the death of her husband, Ernest W. Reynolds, who was killed as the result of an automobile truck which he was driving being struck by a train of appellee railway company, a Virginia corporation, at a public grade crossing in Berkeley county, S. C. The action is based on the negligence of the railway company in failing to give warning of the approach of the train either by ringing the bell or sounding the whistle of the engine. Appellee denied the acts of negligence charged against it, and affirmatively pleaded the contributory negligence of the deceased.

At the point of collision a double track railroad extends north and south, and is intersected by a public crossing which connects two highways parallel with the railroad, one on the east and the other on the west side of the railroad right of way. The connecting link between the two highways extends in a northeasterly and southwesterly direction, and, if there was any elevation in the approach on either side, it was so slight as to be negligible. The small town of Mount Holly was about a half mile south of the crossing. The railroad track north of the crossing was straight for a distance of several miles, but the view of one traveling north from Mount Holly on the east side highway was obstructed by a house, and it was necessary for one intending to use the crossing, in order to reach the west side highway, to come within about 30 feet of the east track in order to get a clear view beyond the house toward the north, though at a distance of 40 feet the house permitted an unobstructed view to the north of about 1,000 feet.

The collision occurred at 1.30 p. m. on a clear day. The train, a fast passenger train, was running on schedule time at a rate of speed variously estimated at from 45 to 65 miles per hour. The deceased was employed by a road construction contractor to drive an open automobile truck between a cement house, located on the east side highway at Mount Holly, and a point to the north, but west of the railroad, where the construction work was being carried on. He regularly used the crossing where he was killed in driving back and forth with the truck. On the occasion of the collision which resulted in his death, according to witnesses for appellant, he had driven the truck from the cement house, stopped on the crossing road within 30 feet of the railroad tracks, glanced to the north, and then apparently was looking to the south as he proceeded to cross to the west side highway at low speed, when he was struck and killed by a train coming on the west track from the north. There was the usual conflict of evidence on the question whether a warning was given of the approach of the train; witnesses for appellee testifying that the bell was rung and those for appellant that they did not hear it. At the conclusion of the evidence, the trial court directed a verdict for the railroad company on the ground that the deceased was guilty of such contributory negligence as would bar a recovery. On this appeal it is contended that the direction of a verdict for appellee was erroneous.

It is provided by statute in South Carolina that the engine bell or whistle shall be continuously rung or sounded from a distance of 500 yards from a public crossing until the engine has passed over such crossing; and that, for the failure to give one or the other signal, the railroad company shall be liable for all damage caused by a collision, unless the person injured shall be shown to be guilty of gross or willful negligence which contributed to the injury. Civil Code, §§ 4903, 4925.

We are of opinion that under the undisputed evidence gross negligence must be attributed as a matter of law to appellant's decedent. According to all the witnesses, the deceased either saw, or, if he had looked, must have seen, the approaching train in time to avoid the collision. If he saw the train, he took his life in his own hands when he attempted to cross in front of it. If he did not see it, he knew that it was to be expected at any moment, and, under all the circumstances, his failure to look constituted gross negligence. It is unnecessary to inquire whether the railroad company was guilty of the negligence charged against it; for, assuming that it was, the proximate cause of the injury was the negligence of the deceased, who by the slightest care could have protected himself against injury. B. & O. R. R. Co. v. Goodman, 275 U. S. 66, 48 S. Ct. 24, 72 L. Ed. 167, 56 A. L. R. 645; I. C. R. R. Co. v. Leichner (C. C. A.) 19 F.(2d) 118; Kutchma v. Atcheson, etc., Ry. Co. (C. C. A.) 23 F.(2d) 183; Stokem v. Erie R. R. Co. (C. C. A.) 30 F.(2d) 102. It is argued that a

different rule as to the effect of contributory negligence prevails in South Carolina, where the cause of action arose. But in our opinion that position is not sustainable. Osteen v. A. C. L. R. R. Co., 119 S. C. 438, 112 S. E. 352; Chisolm v. Seaboard Air Line Ry. Co., 121 S. C. 394, 114 S. E. 500. See, also, Southern Ry. Co. v. Priester (C. C. A.) 289 F. 945.

The judgment is affirmed.