McMillan, Respondent, vs. Chicago, Milwaukee & St. Paul Railway Company, Appellant.

*December 7, 1922—January 9, 1923.*

*Railroads: Accidents at grade crossings: Evidence: Positive and negative testimony: Warning signals: Obstruction of view by standing cars: Contributory negligence.*

1. Testimony by the driver of a closed automobile, who was somewhat deaf in one ear and who was admittedly thinking of something other than the railroad crossing which he was approaching, that he did not hear the alarm bell ringing at the crossing, and similar testimony by a passenger in the rear seat of the car who was at the time engaged in a conversation, is insufficient to support a finding that the alarm bell was not ringing as required by sec. 1809, Stats., regulating the speed of trains, in view of the positive testimony of eight other persons that the bell was ringing.

2. The negligence of a railroad company in placing cars on a sidetrack so that they extend into a street and obstruct the view of the main track is not within the scope of sec. 1809, Stats., and hence the contributory negligence of the traveler, even though slight, bars a recovery.

APPEAL from a judgment of the circuit court for Winne-bago county: WILBUR E. HURLBUT, Circuit Judge. *Reversed.*

On the 25th day of September, 1920, plaintiff was driving his Super-six Hudson automobile northerly on Church street in the city of Berlin. Two passengers, Mr. Sperbeck and Miss Boone, occupied the rear seat. While crossing defendant's railroad track, which intersects Church street, plaintiff's car was struck by the defendant's train, injuring the plaintiff and the car. This action was brought to recover the resulting damages.

It appears that Church street is sixty-six feet wide. South of the main track on which the train was moving was a spur track the center of which was nineteen feet from the center of the main track. There were four gondola coal cars standing on this spur track on the west side of Church street, the easterly end of the most easterly car being fifteen feet from the traveled part of the highway. These cars so obstructed the vision that a train approaching from the west on the main track could not be seen from the highway fifty feet south of the crossing. Plaintiff testified that when he was fifty feet from the railway track he looked and listened but discovered no train approaching. He said that he did not notice the freight cars on the spur track. When he looked he was going ten miles an hour. After looking he stepped on the accelerator and gave it more power. The car picked up speed and came on the spur track. The front wheels were across the track when he saw the train coming. At that time he was four or five feet from the south rail of the main track and was running fifteen miles an hour. He then gave it all the power he could so as to cross the track before the train struck him. The train was going in an easterly direction.

The jury returned the following special verdict:

"(1) Was the crossing electric alarm bell ringing as plaintiff approached the crossing from the south at the time of the accident? *A.* No.

McMillan v. Chicago, M. & St. P. R. Co. 179 Wis. 323.

"(2) Was the bell on the locomotive ringing continuously from a point twenty rods west of the crossing until the crossing was reached.?  *A.* Yes.

"(3) If you answer question No. 2 'No,' then answer this question: Was such failure a proximate cause of plaintiff's injury?  *A.* ——.

"(4) Did the engineer in charge of the train blow the whistle for this crossing two long and two short blasts about a quarter mile west of the crossing?  *A.* Yes.

"(5) Did the speed of the train as it approached the crossing and within twenty rods of it, run faster than twenty miles per hour?  Answered by the court: No.

"(6) Was the defendant guilty of a want of ordinary care in placing the cars on the sidetrack so that they extended into Church street?  *A.* Yes.

"(7) If you answer question No. 6 'Yes,' then answer this question: Was such want of ordinary care a proximate cause of plaintiff's injury?  *A.* Yes.

"(8) Was the plaintiff guilty of any want of ordinary care which proximately contributed to the injury?  *A.* Yes.

"(9) If you answer question No. 8 'Yes,' then answer this question: Was such negligence more than a slight want of ordinary care?  *A.* No.

"(10) If the court should be of the opinion that plaintiff should recover, at what sum do you assess his damages? *A.* To automobile—$681.28; to person—nothing."

After verdict defendant moved the court for judgment on the verdict as rendered and for judgment on the record irrespective of the verdict; and in the event that the court denied both of the foregoing motions, then defendant moved the court to change the answers of the jury to the first and ninth questions from No to Yes and for judgment on the verdict as amended.  Plaintiff moved that the answer of the jury to subdivision B in the tenth question be expunged and that there be inserted in place thereof the figures $709.50, and as so amended for judgment in the sum of $1,390.78.  In case said motion was denied the plaintiff moved for judgment on the said verdict for the sum of $681.28, and in case both of said motions were denied then plaintiff moved for a new trial.

The case was tried before the late Judge GEORGE W. BURNELL. Before any decision on said motions had been announced Judge BURNELL died, and Hon. WILBUR E. HURLBUT was appointed to fill the vacancy. Said various motions were decided by Judge HURLBUT June 3, 1922. The several motions made by defendant were denied. The answer of the jury to subdivision B of question 10 in the special verdict was changed by substituting $709.50 for the word "nothing." Judgment was ordered in favor of the plaintiff for $709.50 with costs and disbursements. From the judgment so entered defendant brings this appeal.

For the appellant there was a brief by *H. J. Killilea* of Milwaukee and *Barber & Keefe* of Oshkosh, and oral argument by *Mr. Killilea.*

For the respondent the cause was submitted on the brief of *Earl P. Finch,* attorney, and *Charles H. Forward,* of counsel, both of Oshkosh.

OWEN, J. Sec. 1809, Stats., prohibits the running of trains through any incorporated city or village faster than twelve miles an hour while approaching and within twenty rods of any public traveled grade street crossing in such city or village, unless the railroad company shall maintain and operate an efficient electric alarm bell or signal, properly installed and kept in good working order, at such public traveled grade crossing, in which case said company may run a train or locomotive at a speed of not to exceed twenty miles an hour while approaching, and within twenty rods of, and while crossing, such public grade crossing. It is also provided in the same section that in any action brought to recover for personal injuries or death, if it appear that the injury or death was caused by the negligent omission of the railroad company to comply with the requirements of sec. 1809, the fact that the person injured or killed was guilty of a slight want of ordinary care contributing to the injury or death shall not bar a recovery.

By the first question in the special verdict the jury found that the crossing electric alarm bell was not ringing as plaintiff approached the crossing at the time of the accident. If the evidence supports this finding, it follows that the company was guilty of negligence if its train was running faster than twelve miles an hour and that a slight want of ordinary care on the part of the plaintiff will not bar his recovery.

Appellant claims that there is no evidence to sustain the answer of the jury to the first question. An examination of the record discloses that eight witnesses testified positively that the electric alarm bell was ringing at the time of the accident. These witnesses were all in a position where they might hear, and they testified that they did hear the ringing of the bell at that time. While four of the witnesses so testifying were members of the train crew, four disinterested witnesses testified positively that the bell was ringing. This evidence is contradicted only by the evidence of the plaintiff and the witness Sperbeck, who was a passenger in the plaintiff's car. Their testimony is merely to the effect that they did not hear the bell ring. These witnesses were in an inclosed car. The plaintiff was somewhat deaf in one ear. His testimony shows that he must have been preoccupied. While he testified that when fifty feet from the track he looked both to the east and west, he says that he did not notice the flat cars on the spur track. He explains his reason for not seeing the flat cars by saying "my mind was centered on something else." The witness Sperbeck was in the rear seat in conversation with his companion. His attention was not directed to the alarm bell and he was not called upon to specially observe whether it was ringing. The testimony of these two witnesses is negative in character as well as form. This testimony is insufficient to support the finding of the jury in the light of the overwhelming positive testimony to the contrary. *Wickham v. C. & N. W. R. Co.* 95 Wis. 23, 69 N. W. 982;

*Sutton v. C., St. P., M. & O. R. Co.* 98 Wis. 157, 73 N. W. 993; *Jordan v. Osborne,* 147 Wis. 623, 133 N. W. 32; *Shaffer v. M., St. P. & S. S. M. R. Co.* 156 Wis. 485, 145 N. W. 1086; *Linden v. M., St. P. & S. S. M. R. Co.* 156 Wis. 527, 143 N. W. 167; *Johnson v. Ætna L. Ins. Co.* 158 Wis. 56, 147 N. W. 32. We must hold that the electric alarm bell was ringing at the time of the accident, that by reason thereof it was lawful for the defendant to operate its trains at a speed of not to exceed twenty miles an hour, and that it was guilty of no negligence by reason of its failure to comply with any of the provisions of sec. 1809, Stats.

While the jury found that the defendant was guilty of a want of ordinary care in placing the cars on the sidetrack so that they extended into Church street, it also found that the plaintiff was guilty of a want of ordinary care which proximately contributed to the injury. Even though, as also found by the jury, plaintiff's negligence did not amount to more than a slight want of ordinary care, it defeats his right of recovery by reason of any act of negligence on the part of the railroad company except its failure to comply with the requirements of sec. 1809. The negligence of the railroad company in placing cars on the sidetrack so that they extended into Church street is not within the scope of sec. 1809, hence plaintiff's contributory negligence, even though slight, bars his recovery. As to whether plaintiff's negligence amounted to more than a slight want of ordinary care, it may be remarked that his conduct was very similar to that of the plaintiff in *Twist v. M., St. P. & S. S. M. R. Co.* 178 Wis. 513, 190 N. W. 449, which this court held constituted more than a slight want of ordinary care.

*By the Court.*—Judgment reversed, and cause remanded with instructions to enter judgment dismissing plaintiff's complaint.