## No. 11,682.

### Globe Indemnity Co. v. Stenger, Receiver.

Decided June 6, 1927.

Action to recover compensation paid a truck driver injured in a collision with a street car. Judgment for defendant.

### *Affirmed.*

1. Appeal and Error—*Sufficiency of Evidence.* In an action involving personal injuries resulting from a collision between a street car and motor truck, evidence reviewed and held insufficient to justify a verdict for plaintiff.

2. Street Cars—*Automobiles.* A street car motorman has the right to presume that an automobile coming toward him will leave the track and give the street car its right of way.

3. Evidence—*Negative.* The mere fact that the driver of an automobile testifies he did not hear the gong on a street car sounded before it struck his machine, is of no avail against positive evidence that it was rung.

4. Negligence—*Last Clear Chance.* In an action involving personal injuries resulting from a collision between a street car and motor truck, the doctrine of last clear chance held inapplicable under the evidence.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. DANIEL L. WEBB, Mr. HYMAN BERMAN, for plaintiff in error.

Mr. GERALD HUGHES, Mr. H. S. ROBERTSON, Mr. W. A. ALEXANDER, Mr. MONTGOMERY DORSEY, for defendant in error.

*Department One.*

MR. JUSTICE DENISON delivered the opinion of the court.

STENGER, as receiver of the Denver Tramway Company, had a directed verdict in an action against him by the plaintiff in error, and the latter brings the case here for review.

The Indemnity Company was insurance carrier for the employer of one O'Brian, who was injured in a collision between a Ford delivery wagon, which he was driving, and a Tramway car. The Indemnity Company was compelled to pay compensation and brought this action to recover the amount so paid, on the ground that the injury was caused by the Receiver's negligence. The answer denied negligence and alleged contributory negligence which the replication denied.

The plaintiff in error claims that the court erred in directing the verdict because (1) There was some evidence of negligence of the Tramway employes; (2) the contributory negligence was not undisputed.; (3) the motorman had the last clear chance to avoid the collision.

O'Brian's testimony was the only evidence for the plaintiff concerning the accident. The collision occurred between 40 and 75 feet east of the intersection of Tenth and Larimer streets. The left of the front end of the street car, which was west bound, met the middle of the left side of the Ford, which was east bound, crushed it, and struck and injured O'Brian. He testified that in February, at 7:15 p. m., he drove north on Tenth to the

Larimer intersection, turned to the right, east, onto Larimer; that the street was wet and slippery so that his machine skidded to the left as it turned and so came onto the north or east-bound track, where it met the street car half sidewise; that on Tenth he was driving 20 or 25 miles per hour, that he slowed down for the turn and when he struck the car he was going about twenty miles per hour; that the impact occurred about one-quarter block,—i. e., about 75 feet—east of the street intersection; that there was nothing to obstruct his view, that he "didn't see the street car till it hit" him, that he did not see the street car till it was five or ten feet from him, till it was right on top of him; that when he saw it he tried to turn out, but his machine skidded; that he didn't notice how fast it was going; that he heard no gong and saw no headlight; that the street car was going 20 or 25 miles per hour; that he does not know whether it slowed down or not.

It would be impossible to sustain a verdict for plaintiff on this evidence. Waiving the inconsistencies, what was the negligence of defendant? Did the motorman fail to ring his gong? The witness merely says he did not hear it, while two witnesses, the motorman and a disinterested bystander say it was rung. Did the motorman fail to see the Ford? There is no evidence that he did. Did he fail to use reasonable means to stop when he saw him? There is no evidence of that. He says he saw O'Brian some distance away, coming toward him, in his way, but supposed, as he had a right to suppose (*McKinney v. Seattle,* 139 Wash. 148, 245 Pac. 913), that the automobile would leave the track and give the street car its right of way; when, however, it appeared that this might not be done, he sounded his gong and did his best to stop. There is no contradiction of this testimony, and no other evidence of negligence. The mere fact that O'Brian did not hear the gong is of no avail against the positive evidence that it was rung. *Hauser*

*v. Central R. R. Co.,* 147 Pa. 440, 23 Atl. 766; *Hoffard v. I. C. R. Co.,* 138 Ia. 543, 110 N. W. 446, 16 L. R. A. (N. S.) 797; *Jensen v. O. S. L. Co.,* 59 Utah 367, 204 Pac. 101; *Rizzittelli v. Vestine,* 246 Mass. 391, 141 N. E. 110; *McMillan v. C. M. & St. P. R. Co.,* 179 Wis. 323, 191 N. W. 510; *Seaboard Air Line v. Myrick* (Fla.), 109 So. 193. But in any case it could have told him nothing that was not in plain sight before him.

So of the speed of the car and attempt to stop it. The motorman and said bystander both say that the car had stopped before the automobile struck it; of what value, then, is O'Brian's testimony of its speed or its moving at all when he says he did not see it till it was within five or ten feet, till it was "right on" him, "till it hit" him?

But O'Brian's testimony shows contributory negligence. The street car had the right of way; he was on its track, he got there by skidding upon a right-angled turn on a slippery street at twenty miles an hour, or thereabouts, or at a rate that made him skid 75 feet or so and strike the car at twenty miles an hour, and failed to see a street car straight ahead of him with an unobstructed view. There was no room in this version for the doctrine of last clear chance, nor was there in the version of the motorman, and if there was, the motorman, as we have shown above, undisputedly did all in his power to avert the collision after he saw the peril.

The court would have been compelled to set aside any verdict for the plaintiff rendered on this evidence.

Judgment affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE SHEAFOR and MR. JUSTICE WHITFORD concur.