NETTIE GREENBERG, Appellant, *v.* ROBERTSON-STELLING CORPORATION, Respondent.*

First Department, December 2, 1927.

**Motor vehicles — collision — action to recover for injuries suffered by plaintiff — defendant's automobile stopped suddenly without signal and as result taxicab behind plaintiff hit her automobile and caused injuries — error to reverse on ground that plaintiff was guilty of contributory negligence as matter of law — evidence supports finding by lower court in favor of plaintiff.**

The defendant's automobile stopped suddenly on Broadway, New York city, without signal to the plaintiff's automobile which was following about ten feet behind.   The result was that plaintiff's automobile struck the rear of the defendant's automobile and a taxicab following plaintiff's automobile struck her automobile and caused the injuries suffered.   It was error for the Appellate Term to reverse a judgment in favor of the plaintiff on the ground that, as a matter of law, the evidence established contributory negligence on plaintiff's part.

The evidence presented questions of fact as to negligence and contributory negligence and fully justified the finding by the trial court in favor of the plaintiff.

APPEAL by the plaintiff from an order and determination of the Appellate Term, First Department, entered in the office of the clerk of the county of New York on the 10th day of June, 1926, reversing a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Fifth District.

*Frederick W. Sperling,* for the appellant.

*H. H. Brown* of counsel [*E. C. Sherwood,* attorney], for the respondent.

MERRELL, J.   The action was to recover for the alleged negligence of the driver of defendant's car in stopping on Broadway

* Revg. 127 Misc. 427.

at Eighty-sixth street in the city of New York suddenly and without signal to the plaintiff's car following it ten feet behind, as the result of which the plaintiff's car was brought to a sudden stop, hitting the defendant's car, and a taxicab, following the plaintiff's car, crashed into plaintiff's car and caused the plaintiff personal injuries for which she has recovered judgment. On appeal to the Appellate Term, by a divided court, the judgment of the Municipal Court was reversed and plaintiff's complaint dismissed upon the merits, with costs. The Appellate Term, by a majority vote, one justice of that court dissenting, reversed the judgment of the Municipal Court upon the ground that, as matter of law, the evidence established contributory negligence on plaintiff's part barring a recovery. (127 Misc. 427.)

We are of the opinion that the evidence presented questions of fact as to the negligence of the defendant and the freedom of the plaintiff from contributory negligence, and fully justified the justice, who was called upon to decide those questions of fact, in rendering judgment in plaintiff's favor. We find no ground for reversing the action of the trial justice in deciding the questions of fact presented at the trial.

The determination of the Appellate Term should be reversed and the judgment of the Municipal Court reinstated, with costs in this court and in the Appellate Term in favor of the plaintiff, appellant, against the defendant, respondent.

DOWLING, P. J., FINCH, McAVOY and PROSKAUER, JJ., concur.

Determination reversed and judgment of the Municipal Court reinstated, with costs to the plaintiff, appellant, in this court and in the Appellate Term.