LEROY E. HEIBECK, Respondent, *v.* WILLIAM H. HESS, Appellant.

Fourth Department, January 29, 1930.

*Hubbell, Taylor, Goodwin, Nixon & Hargrave* [*W. Clyde O'Brien* of counsel], for the appellant.

*John J. Scully,* for the respondent.

CROSBY, J. Plaintiff received a verdict for $1,226 for personal injuries resulting from a jolt when defendant's car, driven by his son, ran against the rear end of plaintiff's car in which he was riding. Both cars were proceeding in the same direction at a reasonable rate of speed when plaintiff's car made a sudden stop due to

the stopping of the car in front of plaintiff. This caused defendant to make, or attempt, an equally sudden stop. It is undisputed that plaintiff's car was equipped with a stoplight that operated whenever the brake was applied. Defendant's car skidded forward and struck the rear end of plaintiff's car causing the injury complained of.

Plaintiff's entire proof of defendant's alleged negligence is contained in one sentence of plaintiff's testimony. After describing the sudden stop he made to avoid hitting the car which had stopped in front of him, plaintiff testified: "I had just gotten to a dead stop as a result of the car which was ahead of me stopping when a heavy jolt or crash struck me in the rear of the car." Not one particle of proof more was furnished by plaintiff to show negligence on the part of the defendant.

A motion for nonsuit was denied and defendant's son, who was driving defendant's car, explained that when the plaintiff stopped suddenly in front of him he applied his brake and "the brakes wouldn't grab at first but they grabbed. I applied them with as much pressure as I possibly could." He then explained that defendant's car skidded about ten feet and struck plaintiff's car. Except for the possible inference that defendant's brakes were out of order there is no proof whatsoever of any negligence on the part of defendant.

With this the state of the proof the trial court's charge to the jury contained reversible error. Here is the language: "It is the duty of the defendant in this case to drive his car as a careful, prudent man would drive it under similar circumstances. Now what does that mean? He is following on behind the other car; his duty is to drive it in such a way he will not collide with the car ahead of him and if he does collide with the car, then I say to you, you have a right to assume he is either going too fast or that he was driving so close to the other car that he was not within a safe distance and that he could not stop his car in time to avoid an accident in case the other car stopped."

The court also charged "that the car that was leading, and that is the car driven by the plaintiff, had a superior right to the other so long as he was driving his car in accordance with the statutes," etc. Also: "Now if he [plaintiff] didn't know that there was a car back of him, he had the right to assume that there wasn't any car back of him and if there was, that that car was driving at a distance back of him which would be a safe distance and a distance within which he would have his car under control and could stop if necessary so as to avoid a collision."

The effect of the foregoing instructions was to say to the jury

that one driving in traffic as it exists on our public thoroughfares to-day assumes all the risk of rear-end collisions unless he is at the head of the line, and none if he is. The charge as to the right of way was erroneous. It is true that if defendant had attempted to pass plaintiff, it would have been his duty to pass to plaintiff's left and to have conceded to plaintiff the use of the right side of the road, but, when not attempting to pass, the defendant had as much right to the careful use of the right side of the road as did the plaintiff. The evidence of defendant's negligence was slight enough at most; the jury should not have been advised in effect that the rule of *res ipsa loquitur* was applicable to him. (*Greenberg* v. *Robertson-Stelling Corp.*, 222 App. Div. 21.)

The errors to which attention has been called were not cured by what the court later said in response to a request to charge made by defendant's counsel. Counsel said: " I also ask your Honor to charge the jury if they find that the car ahead, the plaintiff's car, stopped quickly or in an emergency that the car behind, the defendant's car, was only required to act as the ordinary, prudent man would act in that emergency." The court very properly said: " I so charge." But the court was unwilling to allow this correct charge to remain undisturbed, for when defendant's counsel asked: " Is your Honor now charging, changing your charge on the question of superior right of way? " the court responded: " I didn't say right of way. I said as between these two cars as far as fixing any responsibility for an accident upon these two cars resulting from a rear end collision, that is what I intended to say, I think that the car that was leading had a superior right over the other one." An exception being taken, the court added: " I say that and I want to say it again, I say it because the law does not charge the car that is leading, the driver of the car that is leading with the responsibility of looking behind." These were the last words said to the jury, and they must have entered upon their consideration of the case with an exaggerated notion of the risk assumed by defendant when he found himself on the public road driving behind another car.

The judgment and order herein should be reversed on the law and a new trial ordered, with costs to the appellant to abide the event.

All concur. Present — SEARS, P. J., CROUCH, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment and order reversed on the law and a new trial granted, with costs to the appellant to abide the event.