# No. 12,912.

## Denver Tramway Corporation *v.* Burke.
(28 P. [2d] 253)

Decided December 11, 1933. Rehearing denied January 8, 1934.

Mr. W. A. ALEXANDER, Messrs. BARTELS & BLOOD, Mr. ARTHUR H. LAWS, for plaintiff in error.

Messrs. HAWKINS & HAWKINS, for defendant in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error is hereinafter referred to as the tramway and defendant in error as plaintiff.

Plaintiff sued for $15,000 damages which she alleged she sustained by reason of the tramway's negligence whereby she ran her automobile into the rear of its bus. On a verdict in her favor for $1,500 judgment was entered, to review which the tramway prosecutes this writ.

The alleged negligence was a sudden stop, without signal, in the line of traffic, blockading the street, and ignoring plaintiff's proximity. The tramway denied generally and alleged contributory negligence. The reply denied generally.

At the close of plaintiff's evidence the tramway moved for a nonsuit. The grounds of that motion do not appear in the abstract. It was overruled. At the close of all the evidence the tramway moved for a directed verdict ''on the grounds previously urged in support of its motion for nonsuit,'' says the abstract, and upon the further ground that plaintiff's negative evidence was annihilated by its positive evidence. That motion was likewise overruled. Of the 15 instructions given by the court numbers two and eight were objected to by the tramway. It likewise excepted to the court's refusal to give five of its tendered instructions. Number eight, given, contained the following interrogatory: ''Were the stop lights on the rear of defendant's bus in operation and flashed on at the time said bus was coming to a stop?'' To which the jury answered, ''No.''

On the early afternoon of a clear day in August the

tramway's passenger bus was traveling north on South Downing street in Denver and approaching the intersection of that street and East Arizona avenue, and plaintiff in her automobile was following it. The bus stopped on the near side of the crossing and its left rear was struck by the right front of plaintiff's car. It is admitted that the bus driver knew nothing of plaintiff's proximity and gave no hand signal. On the trial certain city ordinances were introduced which provide, inter alia, that "a vehicle passing or being passed shall not occupy more than its fair share of the roadway"; that drivers must "signal by hand or by some other effective method before * * * stopping, * * *"; that "before * * * stopping * * * drivers shall warn those following them of their intention to do so by extending the hand or by giving some visible and intelligent warning of such intention in some other unmistakable manner."

Counsel for the tramway present their contentions under two heads: (1) Their motion for nonsuit should have been granted. (2) Their motion for a directed verdict should have been granted. These might properly be further condensed into one, i. e., the verdict is unsupported by the evidence; which is the eighth assignment. They contend that the evidence fails to show negligence of the tramway, but does show contributory negligence of plaintiff; and that the only purported evidence of the tramway's negligence, and the only evidence excusing plaintiff's alleged contributory negligence, is negative, and that this is met by positive evidence to the contrary, thus presenting no question for the jury.

There is evidence which justified the jury in believing: That the bus was stopped practically in the center of the street; that plaintiff could not see around it nor pass it without encroaching on the left side of the road; that the bus stopped at least nine feet from the curb; that between it and the curb workmen were cleaning the gutter, and it required three or four feet to clear them; that the bus carried a rear "stop" red light on each side;

that the bus stopped suddenly without any evidence of its intention so to do, or indication that it might, unless it were the disputed flashing of its rear lights; that plaintiff, not knowing that the bus would stop, started to pass it and by reason of her want of knowledge, and the sudden stopping of the bus collided with it.

The tramway's evidence was that its stop lights were connected to a signal light on the dash in such a way that when the latter was on at least one of the rear lights must be, and that the dash light was on at the time of the stop; that this system was working just after the accident and was found in good condition when the bus was thereafter taken to the terminal. No one testified to seeing either stop light burning, and plaintiff and her companion testified that they were watching and were in a position to see them if they had been on, and that they did not see them; that the bus stopped suddenly; that their first realization of the fact that the bus had stopped came with the impact. Another witness testified that the stop of the bus was "extraordinary."

 We think there is ample evidence of negligence in stopping the bus, on the grounds of the unreasonable abruptness of that stop, the failure of the driver to note plaintiff's proximity, and his unreasonable position near the center of the street; the last on the clear admission that he had a leeway of at least five feet to the right without interfering with the workmen, which was apparently less than the extent of the contact of the cars in collision. Despite this, plaintiff was guilty of contributory negligence if the stop lights of the bus were on and plaintiff did not see or heed them. This is the principal point relied on by the tramway and the one to which most of the argument is directed. It is contended that the tramway's evidence thereon is positive, and that plaintiff's, being merely negative, is of no probative effect under *Globe Indemnity Co. v. Stenger*, 82 Colo. 47, 256 Pac. 658, and cases therein cited. These, and others cited by counsel for the tramway to the same effect, were

either cases of positive evidence on the one side and negative on the other, or cases of negative evidence where the witness giving it gave no reasonable evidence of probable knowledge under the circumstances. Here, even under the view taken by counsel for the tramway, neither is positive. They say, in effect, the dash light was on, hence the stop lights, or one of them, must have been. Counsel for plaintiff say the two women were looking, could have seen the stop lights had they been on, but did not see them, hence they were not on. The position of the tramway on the question would be more persuasive had this been the case of an ordinary piece of mechanism, easily understood. But electric currents are elusive and, as pointed out by the trial judge, their conduct can not always be predicted or determined with mathematical certainty, even by experts.

Were there nothing in this evidence more definite than above noted we should say this was a question for the jury, but there is something more. It is set out in the supplemental abstract, does not appear in the original, is noted briefly in argument by counsel for the plaintiff, but is entirely ignored by counsel for the tramway. It would justify the supplemental abstract were nothing else material presented thereby. Plaintiff repeatedly testified that she was looking, could have seen the stop lights had there been any, and did not see them. She was not asked if she could say positively that there were no such lights. However, in answer to the question (folio 134 supplemental abstract): "Did you see it [the bus] in the act of coming to a stop?" She answered: "I saw it in the street, but I did not know it was going to come to a stop. *There was no signal whatever.*" There is nothing negative about that evidence. It could not be more positive. It was never withdrawn nor weakened by explanation and it was a part of plaintiff's case in chief. Under any theory of other evidence it presented a clear question of fact on conflicting testimony and that

question was for the jurors. It sent contributory negligence, as well as negligence, to them for final decision.

Ordinarily a driver who collides with a car ahead of him, going in the same direction, is negligent, but not always so. Surrounding facts and circumstances are always relevant and material and may throw an entirely different light on the question. Perhaps the strongest case relied on by the tramway, and on which rests its requested instruction No. 4, is *Sniffen v. Huschle,* 200 N. Y. Supp. 206, but it is not in point. There the first vehicle stopped suddenly to avoid striking a child who had run in front of it. This was as much a warning to the second car as the first. But see *Greenberg v. Robertson-Stelling Corp.,* 225 N. Y. Supp. 829 which appears to overrule the Sniffen case.

Counsel for the tramway argue that it is not an insurer of the condition of its bus. In the view we take of this case, as appears from the foregoing, that question is not in it.

We think the instructions given by the court were right and that those refused should have been; but since the assignment directed thereto is not argued, further examination is unnecessary.

The judgment is affirmed.

MR. JUSTICE CAMPBELL and MR. JUSTICE HOLLAND dissent.