No. 21123.

JOSEPH GAULIN AND ALICE M. GAULIN v.
RALPH W. TEMPLIN.
(424 P.2d 377)

Decided March 6, 1967.

56

Francis R. Salazar, Carl L. Harthun, for plaintiffs in error.

Wormwood, Wolvington, Renner and Dosh, for defendant in error.

*In Department.*

Opinion by Mr. Justice Hodges.

The plaintiffs in error, who were the plaintiffs in the trial court, were the joint owners of a vehicle involved in a collision on U.S. Highway 87 in Adams County, Colorado. The plaintiff Joseph Gaulin was the driver of this vehicle and was alone at the time of the accident. The defendant in error, and the defendant in the trial court, was the driver of an automobile which struck the rear end of the plaintiffs' vehicle. This was a chain reaction type of automobile accident, involving six ve-

hicles; however, this case concerns itself only with the impact between the vehicle defendant was driving and the plaintiffs' automobile.

The complaint alleges that the defendant was negligent and prays for recovery against the defendant for property damage, plaintiff Joseph Gaulin's medical expenses, personal injuries and loss of employment, and for loss of consortium by plaintiff Alice M. Gaulin. In answer to this complaint the defendant denied the material allegations of the complaint and affirmatively alleged contributory negligence and unavoidable accident as defenses. The affirmative defense of unavoidable accident was withdrawn by the trial court at the conclusion of the testimony. A jury verdict was returned in favor of the defendant, and the trial court entered a judgment for the defendant for his costs. Plaintiffs' motions for new trial and for judgment notwithstanding the verdict of the jury were overruled.

The plaintiffs' principal contention in essence is that the trial court erred in failing to sustain the plaintiffs' motions to withdraw the issue of contributory negligence from the jury and in failing to direct a verdict in favor of the plaintiff on the question of liability. The other grounds for reversal are without merit or are encompassed within the plaintiffs' principal contention as above described.

The plaintiffs argue that the testimony of the defendant, with respect to the lack of fault on the part of plaintiff Joseph Gaulin, forecloses the defendant from further asserting the defense of contributory negligence.

For an understandable discussion, the pertinent testimony of the defendant while he was being questioned during plaintiffs' case in chief and by plaintiffs' attorney is set forth, as follows:

"Q Mr. Templin, you put no blame — well — I will ask that question. You put no blame on Mr. Gaulin in this, do you, for you striking him. He wasn't at fault, was he?

"A As far as I could see, no.

"Q And in no way did you feel that Mr. Gaulin contributed to the accident or caused this accident, do you?

"A Only in the supposition that I made that I thought at the time he had hit the car ahead of him.

"Q Right. And this, as you have determined later, was a false supposition. He had not hit the car in front of him, had he?

"A Not according to Officer Balls.

"Q And so it is your belief that now that you found out Mr. Gaulin did not strike the car in front of him until hit by you and driven into it, that Mr. Gaulin was not at any fault in this accident, is that correct, sir?

"A None that I could see.

"Q Not that you could see. In other words, the answer was yes, he was not at fault as far as you could see; is that correct, sir?

"A Yes, sir.

"MR. SALAZAR: No further questions.

"MR. WOLVINGTON: No questions at this time, reserving the right to recall him."

█ The defendant in so testifying was stating a mere conclusion based upon his opinion, which in turn was based upon what he saw. As far as defendant could see, the plaintiff was not guilty of any fault. This is not the testimony of facts but the testimony of the defendant's understanding of what he saw. Such testimony does not bar the affirmative defense of contributory negligence, and this is particularly applicable where there is other evidence from which the jury could consider the question of contributory negligence. In *Bashor v. Bashor*, 103 Colo. 232, 85 P.2d 732, the defendant's statements in that case, as revealed in an affidavit taken from the defendant by the plaintiff's attorney, were to the effect that he was responsible for the catastrophe and that it was caused by his recklessness. In that case the court said such statements were but mere conclusions as to the legal effect of the defendant's conduct, and in the light

of undisputed testimony as to facts the court properly did not take into consideration these statements of the defendant in its ruling on the defendant's motion to set aside the verdict.

██ The remaining question then concerns itself with the other evidence, if any, which would be the basis for the court's ruling not to withdraw the issue of contributory negligence from the jury. The record in this case, together with a transcript of the testimony, was carefully reviewed, to ascertain if any evidence was presented from which the jury might reasonably have drawn an inference of contributory negligence on the part of plaintiff Gaulin. The plaintiffs maintain with emphasis that in the so-called "rear end" type of collision, the driver whose automobile strikes the rear of the vehicle ahead which is stopped or stopping, is solely negligent, thereby eliminating thoroughly any concept of contributory negligence. This may apply to most accidents of this description, but there are exceptions. One such exception is where the lead vehicle makes a sudden and abrupt stop under circumstances which a court or jury might find to be unwarranted. In such event, a court or jury could reasonably draw the inference of contributory negligence on the part of the driver of the lead vehicle.

██ Sudden and abrupt stopping of a vehicle has been held to be negligence in Colorado and other jurisdictions. *Denver Tramway Corp. v. Burke*, 94 Colo. 25, 28 P.2d 253. See also Annot., 29 A.L.R.2d 5, wherein this subject, under the heading "Sudden or Unsignalled Stop or Slowing of Motor Vehicle as Negligence," is discussed extensively.

There is in this record evidence from which the jury could reasonably infer unwarranted sudden and abrupt stopping on the part of the plaintiff Gaulin and that, under the circumstances of this case, such sudden braking and stopping was contributory negligence.

 This record on review must be evaluated in a

light most favorable to the party in whose favor the verdict was returned, and as stated in *Cottingham v. Star Bus Line*, 152 Colo. 188, 381 P.2d 25, "Every inference fairly deducible from the evidence is drawn in favor of the judgment."

The trial court properly refused, therefore, to withdraw the issue of contributory negligence from the jury.

Judgment affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE MCWILLIAM, and MR. JUSTICE KELLEY concur.