590 P.2d 979 (1978)
Phyllis MILLENSON, Plaintiff, and
Majestic Marketing Company, Defendant and Third-Party Plaintiff-Appellant,
v.
DEPARTMENT OF HIGHWAYS, Third-Party Defendant-Appellee.
No. 77-765.
Colorado Court of Appeals, Div. II.
November 2, 1978.
Rehearing Denied December 7, 1978.
*981 Lowell M. Fortune, P. C., Lowell M. Fortune, Denver, for defendant and third-party plaintiff-appellant.
Yegge, Hall & Evans, David R. Brougham, Denver, for third-party defendant-appellee.
ENOCH, Judge.
Defendant and third-party plaintiff, Majestic Marketing Company, appeals from a judgment entered on a jury verdict finding it liable in a wrongful death and indemnity action arising out of an automobile collision. We affirm.
Phyllis Millenson sued Majestic to recover damages for the wrongful death of her husband, who died as a result of the accident. Majestic filed a third-party complaint against the Department of Highways for indemnity, alleging that the Department was negligent in maintaining a dangerous condition, i. e., an unlighted tunnel. On June 9, 1975, after the first day of trial Millenson and Majestic reached a settlement. Trial of the third-party action between Majestic and the Highway Department proceeded on the issue of indemnity only. However, both parties agreed to submit the issue to the jury utilizing a comparative negligence special verdict form supported by a comparative negligence instruction. The jury found 58% of the negligence attributable to Majestic and 42% to the Highway Department. The court entered judgment for the Highway Department thereby denying Majestic's claim for indemnity. The record discloses no discussion of characterizing the third-party action as involving contribution between joint tortfeasors.
The accident occurred just inside the entrance of a highway tunnel in March 1973. Plaintiff and her husband were traveling westbound on Interstate 70, followed at some distance by a pickup truck and, still further behind, by Majestic's truck. The weather was sunny and bright. Upon entering the unlit tunnel, Mr. Millenson exclaimed, "I can't see," and began braking the automobile. The driver of the pickup truck also experienced a temporary blindness, and he had to swerve into the left lane in the tunnel to avoid collision with the slowed Millenson vehicle. Majestic's driver testified that he experienced the same temporary blindness as the other two drivers, and he did not see the Millenson vehicle until the pickup ahead of him swerved. Despite his braking efforts, he was unable to avoid colliding with the rear of the Millenson vehicle. The Majestic driver also stated that although he had been through the tunnel approximately seven times and knew of the visibility problem, he did not slow down as he entered the tunnel. Majestic elicited testimony from employees of the Highway Department as to knowledge before the accident of the visibility problems and a recommendation to light the tunnel when funds became available.
Majestic first argues that it was error to exclude a report prepared by the Colorado Highway Department Design Review Team describing the unlighted tunnel as a "safety hazard." We do not agree.
Appellant conceded at oral argument that all of the information in the report was admitted into evidence except the words "safety hazard." Whether or not the tunnel in question constituted a safety hazard could be determined by the facts presented. When the jury is capable of drawing its own conclusions based on the evidence, it is not error to exclude opinion evidence as to the conclusion, even if the opinion is an admission by a party opponent. Gaulin v. Templin, 162 Colo. 55, 424 P.2d 377 (1967); Mogote-Northeastern Consolidated Ditch Co. v. Gallegos, 70 Colo. 550, 203 P. 668 (1922).
Majestic also contends that the trial court erred in refusing to admit into *982 evidence a traffic accident location report describing prior accidents in the tunnel to establish either notice of or existence of a dangerous condition. Appellant concedes, however, that none of the accidents in the report occurred under substantially the same circumstances as the accident here. Without that foundation, the document is inadmissible as evidence of prior similar accidents. Blackburn v. Tombling, 148 Colo. 161, 365 P.2d 243 (1961); Buchholz v. Union Pacific R.R., 135 Colo. 331, 311 P.2d 717 (1957).
Majestic next urges that the court erred in instructing the jury that "to look in such a manner as to fail to see what must have been plainly visible is to look without a reasonable degree of care and is of no more effect than not to have looked at all." We disagree.
An instruction that creates an issue of fact not supported by the evidence or that tends to mislead or divert the minds of the jury from the real factual issues should not be given. Dolan v. Mitchell, 179 Colo. 359, 502 P.2d 72 (1972).
Majestic asserts that there was no evidence that the parties in this action could have seen anything in the tunnel. However, there was testimony that on bright sunny days similar to the day of the accident, other drivers were able to observe silhouettes of vehicles ahead of them in the tunnel and had no difficulty following the progress of those vehicles either outside or inside the tunnel. That evidence was relevant to show that the two vehicles in the tunnel may have been visible to the driver of the Majestic truck. The jury is entitled to weigh all the relevant admissible evidence to determine an issue of fact. Thus it was not error to give the instruction.
As an alternative to the granting of a new trial, Majestic argues that this court should amend the judgment to require the Highway Department to pay 42% of the damages, based on the percentage of negligence the jury attributed to each of the negligent parties. Again, we disagree.
In support of its argument, Majestic urges that this case, which was characterized as an indemnity action throughout the trial proceedings, may be characterized as involving contribution between joint tortfeasors. However, Majestic could not prevail under a theory of contribution, because the settlement took place before July 1, 1977, the effective date of Colorado's Uniform Contribution Among Joint Tortfeasors Act, Colo.Sess.Laws 1977, ch. 195, § 13-50.5-101, et seq., at 808. In Re Question Submitted by the United States District Court, Colo., 589 P.2d 57 (Nos. 28129 and C-1554, annc'd Oct. 23, 1978). This case is governed by the common law of Colorado under which contribution between joint tortfeasors is not permitted. Ringsby Truck Lines, Inc. v. Bradfield, Colo., 563 P.2d 939 (1977); Bradford v. Bendix-Westinghouse Automotive Air Brake Co., 33 Colo.App. 99, 517 P.2d 406 (1973).
Majestic also argues that indemnity is merely a form of contribution and at common law indemnity may be recovered by one tortfeasor against another. Although we agree that the common law allows indemnification, Colorado & Southern Ry. v. Western Light & Power Co., 73 Colo. 107, 214 P. 30 (1923), Majestic's argument fails to recognize that indemnity and contribution do not rest on the same principles. Colorado law allows indemnity between tortfeasors only where a tortfeasor who is secondarily liable seeks recovery from a tortfeasor who is primarily liable. Ringsby, supra. In order to be in a position of secondary responsibility, the tortfeasor claiming indemnity must show some duty or pre-existing legal relation between the tortfeasors. And the distinction between primary and secondary liability depends not on a percentage of negligence but on a difference in the character and kind of the wrong which caused the injury and on the nature of the legal obligation or duty owed by each of the wrongdoers to the injured person. Bradford, supra. Percentage of negligence is therefore irrelevant in an indemnity action, Ringsby, supra; Bradford, supra, and the doctrine of comparative negligence is equally inapplicable. Bradford, supra.
*983 Here the jury did not determine whether the Highway Department was primarily liable because it was not instructed to consider that issue. Thus, there could be no basis for entry of judgment for indemnification. The jury entered its verdict in accordance with the instructions and special verdict form approved by counsel for both sides. There was no objection at trial or on appeal as to the appropriateness of the instruction or special verdict form. The parties are responsible for the posture in which they have placed themselves and thus may not on appeal avoid the consequences that flow therefrom. See Caldwell v. Kats, Colo., 567 P.2d 371 (1977).
Judgment affirmed.
KELLY and STERNBERG, JJ., concur.