631 P.2d 1181 (1981)
In the Matter of the EXTRADITION OF Jack Lee BEALS, Defendant.
Jack Lee BEALS, Petitioner-Appellant,
v.
William WILSON, Superintendent Colorado State Penitentiary, Respondent-Appellee.
No. 80CA0650.
Colorado Court of Appeals, Div. II.
June 11, 1981.
*1182 Donald W. Hull, Canon City, for petitioner-appellant.
J. D. MacFarlane, Atty. Gen., Patricia W. Robb, Asst. Atty. Gen., Pueblo, Carl Lucas, Deputy Dist. Atty., Canon City, for respondent-appellee.
VAN CISE, Judge.
Petitioner Jack Lee Beals, an inmate in the Colorado State Penitentiary, appeals the order denying his motion to dismiss a detainer lodged against him by the state of Florida. We affirm.
Beals was convicted in Florida in 1970 on three counts of drug abuse and was sentenced to imprisonment for a four year term. According to the affidavit of the secretary of the Florida Department of Offender Rehabilitation, Beals escaped from prison in 1971 and is a fugitive from that state. In April 1978, pursuant to request of the governor of Florida, the governor of Colorado issued a warrant for the arrest of Beals. When it was ascertained that Beals was in custody pending prosecution for a crime allegedly committed in this state, the executive warrant was "suspended" until his trial and discharge or conviction and punishment for that offense. Beals was convicted and sentenced to a term of three to eight years for second degree assault, and was received at the Colorado State Penitentiary on May 26, 1978. On June 1, 1978, the governor's warrant and his order of suspension were forwarded to the respondent William Wilson, superintendent of the penitentiary, and the next day the detainer was filed with Wilson.
On or about May 18, 1979, there was delivered, through the Colorado authorities to the appropriate Florida officials, Beals' request that final disposition be made of "indictments, informations or complaints now pending against me . . . escape, warrant prison # 028937." The additional documents called for in § 24-60-501, Article III(a), C.R.S.1973, accompanied the request. Included also was an offer of temporary custody, see § 24-60-501, Article V(a), C.R. S.1973, a waiver of extradition, and a consent to "production of my body in any court where my presence may be required in order to effectuate the purpose of the Agreement on Detainers and a further consent voluntarily to be returned to the institution in which I am now confined." There is nothing in the record to show that any action was taken by the Florida authorities on Beals' request for disposition or on Colorado's offer of temporary custody. See § 24-60-501, Article V(c), C.R.S.1973. It was stipulated that no request for temporary custody was made by Florida. See § 24-60-501, Article IV(a), C.R.S.1973.
Following the initiation by Beals of his notice and request for disposition, a case file was opened in the Fremont County District Court entitled "In the Matter of the Extradition of Jack Lee Beals, Defendant," and it was assigned civil action number 79CV121. On February 28, 1980, Beals filed in this action a pro se motion to dismiss the detainer. His motion was based on the fact that notice and request for final disposition had been forwarded, that Florida had had seven months in which to prosecute him but had failed to do so or to take any action, and that, by Florida's inaction, he had been prejudiced by being denied parole because of the detainer. See § 24-60-501, Article V(c), C.R.S.1973.
The motion was heard in May 1980. Beals was represented by court-appointed *1183 counsel (not his counsel on this appeal). It was stipulated that Florida and Colorado were both contracting parties to the Agreement on Detainers § 24-60-501, et seq., C.R.S.1973. The facts were stipulated to, and the pertinent documents were produced. The court denied the motion. It held that the Agreement on Detainers under which Beals was proceeding was inapplicable to his situation because the detainer lodged against him was not for "any untried indictment, information, or complaint" outstanding in Florida. Instead, he was wanted for an unserved sentence from which there had been an escape. The court concluded that Beals' remedy, if any he had, was by way of habeas corpus. See §§ 16-19-111 and 13-45-101, et seq., C.R.S.1973 (1978 Repl.Vol. 8).
Beals' only contention on appeal is that the court erred in not according him a habeas corpus type hearing in ruling on his motion to dismiss detainer. We do not agree.
The entire thrust of Beals' motion and of the argument made to the court on his behalf at the hearing was that this was not a habeas corpus proceeding; it was based on his rights under the Agreement on Detainers. As stated by his counsel:
"First of all, this not a petition for writ of habeas corpus.
. . . .
"There is a detainer filed against him in the state of Florida, and he has asked for relief from this court, specifically dismissal of the detainer. . . .
"It's further not an extradition proceeding....
. . . .
"This is not a proceeding to contest the validity of any governor's warrant and it's not a proceeding to contest the validity of any extradition. . . .
. . . .
"This is not a habeas corpus proceeding to test the legality of that confinement. "The nature of this proceeding is to request the court to dismiss the detainer, period. . . .
. . . .
"I would direct the court specifically to the provisions of the Detainer Act and the speedy trial provisions, essentially, in that."
Beals is in no position now to claim he should have had a habeas corpus hearing. See Board of County Commissioners v. Desmond, 104 Colo. 269, 90 P.2d 619 (1939); Millenson v. Department of Highways, 41 Colo.App. 460, 590 P.2d 979 (1979).
Further, we agree with the trial court that the Agreement on Detainers is inapplicable here, since there was no "untried indictment, information, or complaint" outstanding in Florida. See § 24-60-501, C.R.S.1973. He was wanted, not to stand trial, but for escape after trial, conviction, and sentencing, and such matter is not within the scope of the Agreement.
Judgment affirmed.
PIERCE and STERNBERG, JJ., concur.