23CA1427 Beard v Parry 09-19-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1427
Jefferson County District Court No. 21CV30882
Honorable Jeffrey R. Pilkington, Judge

Mark Beard,

Plaintiff-Appellant,

v.

Max Parry,

Defendant-Appellee.

JUDGMENT AFFIRMED

Division III
Opinion by JUDGE GOMEZ
Dunn and Navarro, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 19, 2024

Falgien Warr & Iyer, P.C., Brianne Falgien, Vinod K. Iyer, Nicholas D. Stofa, Wheat Ridge, Colorado, for Plaintiff-Appellant

Ross-Shannon & Proctor, P.C., Bradley Ross-Shannon, Lakewood, Colorado, for Defendant-Appellee

¶ 1     Plaintiff, Mark Beard, appeals the judgment entered on a jury verdict in favor of defendant, Max Parry, on negligence and negligence per se claims arising out of a traffic accident.  Beard challenges the trial court's denial of his motion for partial summary judgment; denial of his post-trial motion for judgment notwithstanding the verdict or, alternatively, for a new trial; instruction to the jury regarding the presumption of negligence; and exclusion of testimony related to the negligence per se claim.  We reject those challenges and affirm the judgment.

## I.     Background

¶ 2     This lawsuit arises from a traffic accident on Interstate 70 near Evergreen.  Both parties were traveling westbound on the interstate, Beard in the center lane and Parry in the far-right lane.  Parry decided to merge into the center lane to pass some slow-moving semitrucks in front of him.  According to Parry, just as he was doing so, traffic in the middle lane abruptly stopped, and he slammed on his brakes but couldn't avoid striking the rear of Beard's car.  But according to Beard, traffic in the middle lane only gradually slowed and then he was suddenly struck by Parry's car from behind.  Beard claimed to have sustained injuries in the

accident. A state trooper responded to the scene and took the parties' statements.

¶ 3 Beard brought this lawsuit, asserting claims for negligence and negligence per se, along with other claims that he later dismissed. Before trial, he filed a motion for partial summary judgment, which the trial court denied.

¶ 4 The case proceeded to a five-day jury trial in January 2023. The jury returned a verdict for Parry, finding that Beard had sustained injuries, damages, or losses but that Parry was not negligent and that any negligence of Parry's hadn't caused Beard's injuries, damages, or losses.

¶ 5 After obtaining extensions of time to file post-trial motions, Beard filed a motion on March 24 for judgment notwithstanding the verdict or, alternatively, for a new trial. On July 10, the trial court entered an order denying the motion. Beard filed this appeal on August 18.

## II. Timeliness of the Appeal

¶ 6 We first address the timeliness of the notice of appeal, as we must ensure that we have jurisdiction over the appeal. *See Chavez*

*v. Chavez*, 2020 COA 70, ¶ 22 ("An appellate court must always be satisfied that it has jurisdiction to hear an appeal.").

¶ 7     Beard argues that the trial court's order denying his post-trial motion came too late, as it was entered after the sixty-three-day deadline proscribed by C.R.C.P. 59(j), and that it is therefore void. He is correct. By operation of Rule 59(j), the motion was deemed denied after sixty-three days, so the later order purporting to rule on the motion is void. *See* C.R.C.P. 59(j); *Durdin v. Cheyenne Mountain Bank*, 98 P.3d 899, 902 (Colo. App. 2004).

¶ 8     But that begs the question whether Beard's appeal was timely. We conclude that it was. The deemed-denied date of any Rule 59 motions generally marks the start of the forty-nine-day period to file a notice of appeal. *See* C.A.R. 4(a)(1), (3); C.R.C.P. 59(j); *Baum v. State Bd. for Cmty. Colls. & Occupational Educ.*, 715 P.2d 346, 347 (Colo. App. 1986). So when Beard's Rule 59 motion was deemed denied on May 26 (sixty-three days after the March 24 filing), that would've started the forty-nine-day clock, and the notice of appeal would've been due by July 14. But it wasn't filed until August 18.

¶ 9     Nonetheless, because no judgment entered immediately after the trial, the deadline to file an appeal didn't start until later. A

3

judgment doesn't enter — and thus the appeal clock doesn't start — until a trial court prepares, dates, and signs a written judgment, and the clerk enters it on the register of actions. *See* C.R.C.P. 58(a); *Furlong v. Gardner*, 956 P.2d 545, 553 (Colo. 1998). Because the trial court didn't enter a signed order addressing the judgment until its July 10 order on the post-trial motion, we treat that date as the date of judgment (even if the order was void insofar as it purported to rule on the post-trial motion). *See In re Estate of Royal*, 813 P.2d 790, 791 (Colo. App. 1991), *aff'd on other grounds*, 826 P.2d 1236 (Colo. 1992). And because Beard filed his appeal on August 18, less than forty-nine days later, the appeal is timely. *See* C.A.R. 4(a)(1).

### III. Summary Judgment Ruling

¶ 10    As his first contention, Beard challenges the trial court's ruling denying his motion for partial summary judgment on the issue of Parry's negligence. This contention is unreviewable.

¶ 11    A denial of summary judgment is not reviewable on appeal, even after a trial on the merits. *Feiger, Collison & Killmer v. Jones*, 926 P.2d 1244, 1250 (Colo. 1996). Instead, a party may only raise the issue presented at summary judgment through a motion filed at

or after trial, such as Beard's post-trial motion for judgment notwithstanding the verdict.  *See Tisch v. Tisch*, 2019 COA 41, ¶ 48.

¶ 12    Accordingly, we cannot review the trial court's denial of the partial summary judgment motion but can only review the court's ruling on the post-trial motion.  We turn to that issue next.

## IV.    Post-Trial Ruling

¶ 13    Beard contends that the trial court should've granted his post-trial motion for judgment notwithstanding the verdict or for a new trial because there was insufficient evidence to support the jury's finding that Parry wasn't negligent.  We disagree.

¶ 14    We review an order resolving a motion for judgment notwithstanding the verdict de novo.  *Parks v. Edward Dale Parrish LLC*, 2019 COA 19, ¶ 9.  In doing so, we view the evidence, and all inferences that may reasonably be drawn from it, in the light most favorable to the nonmoving party.  *Id.* at ¶ 10.  A court should deny the motion unless there is no evidence from the trial that could support a verdict against the moving party.  *Id.*

¶ 15    Ordinarily, we review an order resolving a motion for a new trial for an abuse of discretion, such that we won't reverse the order unless it was manifestly arbitrary, unreasonable, or unfair or was

based on a misapplication or misunderstanding of the law. *Credit Serv. Co. v. Skivington*, 2020 COA 60M, ¶ 24. Here, however, the motion was deemed denied under Rule 59(j), so the court's later order explaining its reasons for the denial is of no consequence. Moreover, Beard seeks a new trial on the basis of an error in law (essentially the same error he argues with respect to the motion for judgment as a matter of law). *See* C.R.C.P. 59(d)(6). Indeed, Beard doesn't seek a retrial on the same issues, which is the relief ordinarily afforded on a motion for a new trial, *see Rains v. Barber*, 2018 CO 61, ¶ 6; instead, he asserts that the issue of negligence should be resolved as a matter of law, and he seeks a new trial solely on the issues of causation and damages. Yet we generally review questions of law de novo. *See, e.g.*, *In re Marriage of Thorburn*, 2022 COA 80, ¶ 26. Thus, de novo review is likely more appropriate here.

¶ 16    But regardless of which review standard we apply, the outcome is the same: the trial court didn't err or abuse its discretion by denying the motion for judgment as a matter of law or, alternatively, for a new trial, as there is ample evidence to support the jury's verdict in Parry's favor on the issue of negligence.

6

¶ 17     In cases like this one involving a rear-end collision, the driver of the car in the rear that collides with the car in front is generally presumed negligent.  *See Huntoon v. TCI Cablevision of Colo., Inc.*, 969 P.2d 681, 687 (Colo. 1998); *Vititoe v. Rocky Mountain Pavement Maint., Inc.*, 2015 COA 82, ¶ 84.  But this presumption may be rebutted where there is competent evidence indicating that the rear driver wasn't negligent.  *Bauer v. Dayton*, 502 P.2d 972, 973 (Colo. App. 1972); *see also Denver Tramway Corp. v. Burke*, 28 P.2d 253, 254 (Colo. 1933) ("Ordinarily a driver who collides with a car ahead of him, going in the same direction, is negligent but not always so.  Surrounding facts and circumstances are always relevant and material and may throw an entirely different light on the question.").  In that event, the issue of negligence becomes a question of fact for the fact finder to resolve.  *Bauer*, 502 P.2d at 973; *see also Bartlett v. Bryant*, 442 P.2d 425, 426 (Colo. 1968); *Lesondak v. O'Hara*, 483 P.2d 417, 418 (Colo. App. 1971).

¶ 18     We conclude that Parry presented competent evidence to rebut the presumption of negligence and, therefore, the issue was appropriately submitted to and resolved by the jury.  This includes, in particular, the following evidence:

7

- Parry's testimony that he was familiar with the route he was driving, having taken it many times in the past.

- Parry's testimony that at the time of the accident, he didn't have the radio on, wasn't using his cell phone, and wasn't distracted by anything else.

- The trooper's testimony, consistent with Parry's, that there was no indication Parry had been distracted in any way, such as on a cell phone.

- Parry's testimony about how the accident occurred. He said that he was initially looking ahead of him and that in preparation for merging into the center lane, he put on his turn signal and checked his mirrors. He then turned his head to check his blind spot as he started merging, and in that split second, the traffic stopped. He did everything he could to stop, but he couldn't avoid colliding into the back of Beard's car.

- The trooper's testimony that the speed limit in that area is sixty-five miles per hour and that just after the accident Parry reported that he'd been driving forty-five miles per hour. (At trial, Parry couldn't recall how fast he

was going — only that he was going along with the flow of the dense morning traffic.)

- The trooper's testimony that both parties indicated at the scene that the traffic had slowed suddenly, that Parry had said the sudden slowdown was due to semitrucks changing lanes ahead of them, and that Beard had said the only reason Parry's car struck his car was because of the traffic slowing.

*See Bauer*, 502 P.2d at 973 (evidence that the rear driver in a rear-end collision was "driving at a moderate speed," was "looking forward just prior to the accident," and braked in an attempt to prevent a collision helped to overcome the presumption and create a factual question on the issue of negligence).

¶ 19 Beard cites evidence indicating that he wasn't comparatively negligent. He also notes that Parry didn't present a comparative negligence defense to the jury. But the issue isn't one of *Beard's comparative negligence*; instead, it's one of *Parry's negligence*. And, as we've stated, there was sufficient evidence for the jury to find that Parry wasn't negligent.

¶ 20    Beard also cites other evidence that could've supported a finding that Parry was negligent.  But ultimately this was a question for the jury — and because there is evidence supporting the jury's finding, we cannot disturb it.  *See Ajay Sports, Inc. v. Casazza,* 1 P.3d 267, 274 (Colo. App. 2000).

## V.    Jury Instruction

¶ 21    Beard also contends that the trial court erroneously instructed the jury on the presumption of negligence.  Again, we disagree.[1]

¶ 22    We review de novo whether a particular jury instruction is a correct statement of the law and whether the jury instructions as a whole accurately set forth the governing law.  *Suydam v. LFI Fort Pierce, Inc.,* 2020 COA 144M, ¶ 10.  But because trial courts have broad discretion to fashion the form and style of instructions, we review for an abuse of discretion a trial court's decision whether to give a particular jury instruction.  *Id.*

¶ 23    The challenged jury instruction reads as follows:

> When a driver of a motor vehicle hits another vehicle in the rear, the law presumes that the driver was negligent.

---

[1] Because we reject this contention on its merits, we don't address Parry's argument that any error was invited.

10

> In this case, it is established that [Parry's] vehicle hit [Beard's] vehicle in the rear. From this fact, you may, but are not required to, draw an inference that [Parry] was negligent. If you draw this inference, you may consider it along with all the other evidence in the case in deciding whether or not [Parry] was negligent.

¶ 24 Beard argues that the trial court should've given only the first part of this instruction — that when a driver of a motor vehicle hits another vehicle in the rear, the law presumes the driver was negligent — because there was insufficient evidence to rebut the presumption. He also argues that the court should've given additional optional language from the model instruction indicating not only that the law presumes the driver was negligent but also that the jury "must find" the driver was negligent. CJI-Civ. 11:12 (2024). In other words, he argues that, for the same reason the evidence was supposedly insufficient to support the jury's finding that the presumption of negligence had been rebutted, the jury also shouldn't have been instructed that the presumption of negligence may be rebutted.

¶ 25 We reject this argument for the same reason we reject Beard's argument concerning the sufficiency of the evidence to rebut the presumption of negligence. Simply stated, sufficient evidence

supported instructing the jury — and supported the jury's finding — regarding rebuttal of the presumption of negligence.

## VI.  Exclusion of Evidence

¶ 26    Finally, Beard contends that the trial court abused its discretion by excluding evidence that would've supported his negligence per se claim.  We are not persuaded.

¶ 27    "A trial court has substantial discretion in deciding questions concerning the admissibility of evidence and broad discretion to determine the relevancy of evidence, its probative value and its prejudicial impact."  *E-470 Pub. Highway Auth. v. 455 Co.*, 3 P.3d 18, 23 (Colo. 2000).  Accordingly, we review a trial court's evidentiary rulings for an abuse of discretion.  *Gebert v. Sears, Roebuck & Co.*, 2023 COA 107, ¶ 29.

¶ 28    Beard's challenge relates to the testimony of the state trooper who reported to the scene of the accident.  The trooper testified for Beard as an expert in accident investigation, including causation and fault.  Beard's counsel elicited the trooper's opinion testimony that Parry was at fault for the accident because he "follow[ed] too closely to allow sufficient time to react to many traffic conditions."

¶ 29    Beard's counsel then started to ask a follow-up question: "[Y]ou mentioned following too closely. Is that . . . a traffic code —" Parry's counsel objected on the basis of relevance (CRE 401) and prejudice, confusion, or waste of time (CRE 403). At a bench conference, Beard's counsel argued, "We have a right to get into that on a per se. I'm not going to ask him about to [sic] ticket. But I have a right to say, could it be considered careless driving, could it be considered following too closely?" But the court disagreed, explaining that "[t]hen the jury's going to speculate as to whether or not he cited [Parry]" and that it "will give . . . those instructions" on the statutes underlying the negligence per se claim.

¶ 30    We conclude that this ruling was not an abuse of the trial court's discretion.

¶ 31    To be sure, the trooper's testimony about the existence of a traffic code provision against following too closely may have been relevant to establish the standard of conduct to support Beard's negligence per se claim. *See Lombard v. Colo. Outdoor Educ. Ctr., Inc.,* 187 P.3d 565, 573 (Colo. 2008) ("The underlying principle of the common law doctrine of negligence per se is that legislative enactments such as statutes and ordinances can prescribe the

standard of conduct of a reasonable person such that a violation of the legislative enactment constitutes negligence.").

¶ 32    But the trial court was justifiably concerned that allowing the trooper's testimony about the traffic code provision could lead the jury to speculate as to whether the trooper had cited Parry for violating that provision.  Yet, undisputedly, any evidence of a citation would've been inappropriate.  *See* § 42-4-1713, C.R.S. 2024 (With specific exceptions not applicable here, "no record of the conviction of any person for any violation of this [traffic code] shall be admissible as evidence in any court in any civil action."); *Wark v. McClellan*, 68 P.3d 574, 579 (Colo. App. 2003) ("This statutory proscription extends to reference to the issuance of a ticket.").  And, as the court pointed out, it planned to — and did — instruct the jury on the relevant traffic code sections, including the section on following too closely (section 42-4-1008, C.R.S. 2024).

¶ 33    Thus, given the trial court's concerns and the fact that the jury had already heard the trooper's testimony opining that Parry was following Beard too closely, it was within the court's discretion to conclude that any marginal relevance from the trooper's reference to section 42-4-1008 was substantially outweighed by

dangers of unfair prejudice, confusion of the issues, or misleading the jury. *See* CRE 403; *E-470 Pub. Highway Auth.*, 3 P.3d at 23; *see also Danko v. Conyers*, 2018 COA 14, ¶¶ 43-51 (trial court acted within its discretion in excluding evidence based in part on concerns about confusing the jury); *Schultz v. Wells*, 13 P.3d 846, 852 (Colo. App. 2000) (trial court acted within its discretion in excluding evidence based on concerns about confusing the issues and misleading the jury).

## VII.  Disposition

¶ 34    The judgment is affirmed.

JUDGE DUNN and JUDGE NAVARRO concur.